## Marston *versus* Tryon et al.

In order to maintain an action to recover the penalty provided by the Act of April 13, 1791, 3 Sm. L. 32, for refusal or neglect by the plaintiff in any judgment to satisfy the same of record after payment thereof, within eighty days after request so to do, it must be shown that the party plaintiff in such judgment was personally requested to satisfy the same. A request made to the attorney-at-law who conducted the suit for the said party plaintiff, is insufficient.

January 8th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ., CLARK, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :*   Of January Term, 1884, No. 231.

This was an action of debt, brought by John Marston, Jr., against Edward K. Tryon et al., executors of George W. Tryon, deceased, to recover the sum of $250, as penalty, under the provisions of the Act of April 13th, 1791, 3 Sm. L., 32, for failure to satisfy the liens of certain judgments within eighty days after request so to do.

Said Act of 1791 recites in its preamble: " Whereas it frequently happens that judgments long remain unsatisfied on record, although the moneys for which those judgments have been rendered are justly discharged, whereby defendants in such cases, as well as the subsequent purchasers of real property, suffer much vexation and inconvenience." And said Act provides, section 14, " Each and every person having received satisfaction for his or their debt or damages, recovered by judgment in any court of record within this Commonwealth, shall, at the request of the defendant or defendants in the action, or of his, her, or their legal representatives, or other persons concerned in interest therein, on payment of the costs of suit, and on tender of his reasonable charges, and the costs of office for entering satisfaction, within eighty days after such request made, enter satisfaction of the judgment in the office of the prothonotary of the court where such judgment was or shall be entered, which shall for ever thereafter discharge, defeat and release the same.   And if such person, having received such satisfaction as aforesaid by himself or his attorney, shall

[Marston v. Tryon.]

not within eighty days after request and payment of the costs of suit, and tender of charges as aforesaid, repair to the said office and there enter satisfaction as aforesaid, he, she, or they refusing or neglecting so to do, shall forfeit and pay unto the party or parties aggrieved any sum of money, not exceeding one half of the debt or damages so adjudged and recovered, to be sued for and demanded by the defendant, or persons damnified, in like manner as other debts are now recoverable by law in this Commonwealth."

On the trial, before THAYER P, J., the evidence on behalf of the plaintiff was to the following effect:—

On November 23d, 1878, Edward K. Tryon et al., executors &c., recovered judgment against John Marston Jr., in the Court of Common Pleas No 2, of Philadelphia County, in an action of covenant sur ground rent deed, for $128.99. On October 28th, 1879, Edward K. Tyron et al., executors &c., recovered another judgment against John Marston Jr., in the Court of Common Pleas No. 1, of Philadelphia County in a similar action, for $128.41. On December 10th, 1879, writs of fi. fa. were issued on said judgments returnable the first Monday of January, 1880, which were returned "nulla bona." On January 13th, 1880, writs of testatum fi. fa, on said judgments were issued to the sheriff of Montgomery County, returnable the first Monday of February, 1880, on which the defendant paid the debts and costs, and the writs were returned "sheriff for debt and cost." On the 13th day of February, 1880, the plaintiff's attorney entered satisfaction of record of the said two judgments, in the office of the prothonotary of Philadelphia County, but the liens of the writs of testatum fi. fa. in Montgomery County were not then satisfied of record. In November, 1882, Mr. Marston agreed to sell a certain lot of ground in Montgomery County, and stated to the purchaser that the record was clear, but these two liens were certified upon the searches, and delayed the sale. Plaintiff then bought this action. Two weeks after suit brought the said liens in Montgomery County were duly satisfied of record.

The attorney for Marston, defendant in those judgments, testified that at the time they were paid, he requested the attorney for the plaintiff therein to satisfy the liens which were entered in Montgomery County and that he said he would. The conveyancer who represented the purchaser of the lot above referred to, testified that when he found these liens on the searches he went to see the defendants (plaintiffs in said judgments) and they refused to give an order to satisfy said liens until their attorney authorized it. Soon afterwards, their attorney having given such authority the said defendants gave an order to satisfy, which was thereupon

entered of record. Said attorney lived in Philadelphia, and was not a member of the Montgomery County bar.

At the close of the plaintiff's case the court on motion of defendants, entered a nonsuit which the court in banc subsequently refused to take off. Thayer P. J., saying in an opinion filed :—

"The plaintiff proved a request made to the attorney of the plaintiff in the suit in which the judgment was obtained, but no request made of the plaintiff himself, and upon motion was nonsuited. An attentive examination of the Act of 1791, has convinced us that it was not the intention of that Act to impose upon the plaintiff in a judgment the heavy penalty which it provides for a refusal or neglect to enter satisfaction without a previous request of the plaintiff himself. This penalty, for such it must be regarded, inasmuch as it is not necessary to prove that the plaintiff has suffered any actual damage (Henry *vs.* Sims, 1 Wh., 187), may by the terms of the Act extend to one half of the debt or damages recovered. An Act imposing such a forfeiture is not to be extended by construction. The Act requires the request to be made of the party, not of his attorney, and it was doubtless so intended, for it would be unreasonable to impose such a penalty upon the party for the mere neglect or omission of his attorney, and without any notice to himself. If it be objected that the plaintiff in the judgment may reside out of the jurisdiction the answer is obvious, that the request may be made out of the jurisdiction as well as within it. If he can be served with a summons in an action, there can be no difficulty in making a request to him to satisfy the judgment as a preliminary step to the action. And this appeared to us to be, under the Act of 1791, a necessary preliminary to the bringing of an action. Rule discharged."

Plaintiff took this writ of error, assigning for error, the refusal of the court to take off the nonsuit.

*E. Hunn Hanson* (*George M. Conarroe* with him), for the plaintiff in error.

[Mercur C. J., Do you consider that the lien of a testatum fi. fa. is a "judgment," within the terms of the Act of 1791?]

Yes, it is equally within the mischief intended to be remedied, as recited in the preamble; and the Act authorizing the testatum writ gives it the attributes of a judgment.

There was evidence from which the jury might fairly have inferred that the defendants themselves (plaintiffs in the judgments) actually had and received the request to enter satisfaction, in the first instance through their attorney, and.

[Tagg v. Bowman.]

afterwards from the conveyancer of the intending purchaser. The court erred, we think, in construing the Act to require a personal request to the party; a notice to the attorney of record, in all matters pertaining to the suit is notice to the party. The Act does not expressly provide that the request shall be personal to the party, and it seems to contemplate a request to either the party or his attorney, for it provides that if such person having received satisfaction of his debt, "by himself *or his attorney* shall not within eighty days *after request* . . . . . enter satisfaction as aforesaid, *he, she, or they* refusing or neglecting so do do, shall forfeit and pay," &c.

*Edward H. Weil*, for the defendants in error.

The opinion of the court was filed January 26th, 1885.

PER CURIAM. We think the penalty imposed on a plaintiff for not entering satisfaction on a judgment under the Act of April 13th, 1791 requires the notice to be given to him. A request to the attorney who was employed in obtaining the judgment is not sufficient. We therefore concur with the opinion of the learned judge in refusing to take off the nonsuit.

Judgment affirmed.