674 A.2d 1080

FIRST SENECA BANK d/b/a Integra Bank, Pittsburgh/North, Appellant,

v.

Gusty A.E. SUNSERI.

FIRST SENECA BANK d/b/a Integra Bank, Pittsburgh/North, Appellant,

v.

PIZZA ROMA FRANCHISE, INC., d/b/a Roma Italian Restaurant & Pizzeria of Hampton, Ltd.

Superior Court of Pennsylvania.

Argued Dec. 13, 1995.

Filed March 1, 1996.

Reargument Denied May 10, 1996.

Reed J. Davis, Pittsburgh, for appellant.

Gusty A.E. Sunseri, Oakmont, appellee, in pro. per.

Before CAVANAUGH, JOHNSON and CERCONE, JJ.

JOHNSON, Judge.

In these consolidated cases, First Seneca Bank, d/b/a Integra Bank of Pittsburgh/North (the Bank) brings this appeal claiming that the trial court improperly awarded liquidated damages to both Gusty A.E. Sunseri and Pizza Roma Franchise, Inc., d/b/a Roma Italian Restaurant & Pizzeria of Hampton, Ltd. (Pizza Roma) (collectively, the defendants), pursuant to 42 Pa.C.S. § 8104. The Bank relies upon *Marston v. Tryon*, 108 Pa. 270 (1884), in support of its claim that the demand for satisfaction of a judgment must be made upon the creditor, and not the creditor's attorney. Because we find that *Marston* is no longer good law, and we find no other error in the award of liquidated damages, we affirm.

On June 2 and 16, 1987, the Bank entered into two five-year equipment leases with Pizza Roma for restaurant equipment. Contemporaneously, Sunseri executed two guaranty agreements with the Bank whereby he agreed to guarantee the full and timely performance of Pizza Roma's obligations under these leases. In January 1990, the Bank, alleging a default, obtained judgments against Pizza Roma and Sunseri. Thereafter, in December 1992, the Bank sold the equipment for $8,000. At the time of the sale, Pizza Roma's outstanding debt on the leases was $5,805.95.

In February 1993, the defendants initiated proceedings to have the proceeds of the sale applied to the debt and have the judgments marked satisfied on the docket. On March 18, 1993, Sunseri made a written request to the Bank's counsel demanding that the Bank "settle and discontinue all judgments associated with the [Pizza] Roma Restaurant leases," including a $10.00 check for filing fees. The Bank refused, claiming that the proceeds from the sheriff's sale did not apply to the outstanding debt obligation. After a hearing, the court issued an order, dated January 5, 1994, that directed the Bank to apply the proceeds from the equipment sale as follows: $5,805.95 on the remaining balance for the equipment leases, $2,194.05 for the Bank's reasonable attorney fees, with any excess remitted to the Bank. The order also directed the Bank to have the judgments marked satisfied on the docket. The Bank did not appeal this order. On January 27, 1994, the judgments were marked satisfied.

On March 29, 1994, the defendants filed petitions with the trial court pursuant to 42 Pa.C.S. § 8104, seeking liquidated damages for the Bank's failure to have the judgments marked satisfied within 30 days from their written request of March 18, 1993. The court directed the parties to proceed in accordance with Pa.R.C.P. 209, which provides for the taking of depositions. After a hearing, the court entered an order that denied the Bank's attempt to submit depositions by written interrogatories, but, nevertheless, denied the request for liquidated damages based upon *Marston v. Tryon*, 108 Pa. 270 (1884). The defendants filed a motion for reconsideration,

which was granted. Following another hearing, the court concluded that *Marston* was no longer good law. Accordingly, the court granted the defendants' petitions for liquidated damages, awarding each defendant damages in the amount of $32,185.54. This appeal followed.

We have renumbered the Bank's issues for purposes of review. On appeal, the Bank contends, in essence, that the trial court erred in granting the petitions for liquidated damages because (1) the petitions were rendered moot by the satisfaction of the judgments on January 27, 1994; (2) the issue of liquidated damages should have been raised in the February, 1993 petition to have the judgments marked satisfied; (3) the Bank had a bona fide basis for its refusal to have the judgments marked satisfied prior to the entrance of the January 5, 1993 order; and (4) the defendants did not satisfy the statutory requirements for relief set forth in 42 Pa.C.S. § 8104. Further, the Bank claims that the court erred in (5) refusing to consider its submitted depositions by written interrogatories.

Initially, we note that the Bank's brief submitted in this case has been produced in a typeface substantially smaller than what is provided for in the Rules of Appellate Procedure. "Briefs and records reproduced by conventional typographical printing shall be printed throughout from type at least as large as point 11 with 2 point lead." Pa.R.A.P. 2171(a). Here, the body of the Bank's brief is in point 9 type, with quotations in point 8 type and footnotes in point 6 type. The use of smaller print has only made the Bank's brief harder to read, and this Court admonishes counsel not to attempt to circumvent the Rules in the future or run the risk that a meritorious appeal will be quashed for this procedural defect.

Central to our evaluation of the merits of this case is 42 Pa.C.S. § 8104, which provides as follows:

**§ 8104. Duty of judgment creditor to enter satisfaction**

**(a) General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment

debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

**(b) Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

42 Pa.C.S. § 8104.

 As its first issue, the Bank contends that the trial court erred in granting the petitions for liquidated damages because the petitions were moot. "Unless an actual case or controversy exists at all stages of the judicial process, a case will be dismissed as moot." *County Council of Erie v. County Executive of Erie,* 143 Pa.Cmwlth. 571, 574, 600 A.2d 257, 259 (1991). The Bank claims that the controversy ceased to exist when the judgments were marked satisfied on January 27, 1994, within 30 days of the January 5, 1994 order. However, the defendants assert that the 30–day statutory period began to run on March 18, 1993, when the defendants made their written demand for satisfaction. Thus, because a controversy continued to exist concerning how to apply the 30–day period when determining whether § 8104(b) applied, we find the petitions were not moot.

 Next, the Bank asserts that the trial court erred in granting the petitions for liquidated damages because this issue should have been raised in the defendants' February 1993 petition to have the judgments marked satisfied. Specifically, the Bank contends that the defendants should have presented their claim for liquidated damages at the same time

as the petition on the underlying claim. The Bank maintains that it suffered severe prejudice because it would have appealed the January 5, 1994 order if the liquidated damages provision had been included. However, the statute does not provide that the request for liquidated damages must be brought contemporaneously with a suit to settle and discontinue the underlying judgment. Rather, the statute clearly states that "[s]uch liquidated damages shall be recoverable pursuant to general rules, *by supplementary proceedings....*" 42 Pa.C.S. § 8104(b) (emphasis added). Thus, this action was properly brought in the subsequent proceeding initiated on March 29, 1994. ·

■ As its third issue, the Bank maintains that the trial court erred in granting the petitions for liquidated damages because the Bank had a bona fide basis for its refusal to mark the judgments satisfied. Specifically, the Bank claims that until the court entered the January 5, 1994 order, it was under no contractual obligation to apply the proceeds of the equipment sale to the defendant's debt. We disagree.

We are guided in our resolution of this issue by the decision in *Key Savings and Loan Assoc. v. Louis John, Inc.*, 379 Pa.Super. 226, 549 A.2d 988 (1988), *appeal dismissed*, 529 Pa. 573, 605 A.2d 1223 (1992). In that case, a corporation and its two owners jointly signed a mortgage as security for a construction loan. The loan went into default, and the bank issued a notice of foreclosure. After a dispute between the owners, one partner purchased the other partner's shares of the corporation. The bank approved the sale and executed a release in favor of the departing partner that discharged any future claims it could assert regarding the mortgage obligation. Subsequently, the bank confessed judgment against both the corporation and each of the former partners. The ex-partner requested the bank to mark the judgment satisfied pursuant to the release, but the bank refused. Thus, the ex-partner filed a petition to have the judgment against him marked satisfied. This petition was granted, and the bank did not appeal. Thereafter, the ex-partner filed a petition for liquidated damages. In responding to this petition, the bank

argued that its refusal to mark the judgment satisfied was justified because it arose from a bona fide dispute over the effect of the release, and, thus, liquidated damages were not appropriate. This Court disagreed.

■ In making this conclusion, this Court analyzed the language of § 8104(b), which states that a judgment creditor who "shall fail or refuse" to comply with a request for entrance of satisfaction shall be liable for liquidated damages. We determined that "the plain and unambiguous meaning of the word 'fail' in the statute is simply 'to omit or neglect;' no requirement of willfulness or unreasonableness is thereby implied." *Id.* at 233, 549 A.2d at 992. In addition, we reasoned that an acceptance of the bank's contention that a requirement of willfulness or unreasonableness should be implied would "render the word 'refuse' mere surplusage." *Id.* at 232, 549 A.2d at 992. Thus, citing the case of *First National Consumer Discount Co. v. Fetherman,* 515 Pa. 85, 527 A.2d 100 (1987), we concluded that the creditor's state of mind in failing or refusing to mark the judgment satisfied is irrelevant:

> We find it significant that our Supreme Court [in *Fetherman* ] used unqualified language in characterizing the creditor's liability and we note the conspicuous absence of any suggestion that the creditor's motivation for failing to have the judgment marked satisfied is even relevant. Thus, the language utilized in *Fetherman* supports our conclusion that the debtor is entitled as of right to liquidated damages whenever the creditor has received satisfaction and fails to comply with a written request to mark the judgment satisfied, regardless of the creditor's reasons or motives.

*Id.* at 234, 549 A.2d at 992.

Similarly, in the present case, the defendants were entitled as of right to the liquidated damages when the Bank refused to comply with their request, regardless of the Bank's motivation. Accordingly, we cannot conclude that the trial court erred in granting the petitions for liquidated damages on this basis.

■ As its fourth issue, the Bank contends that the court erred in granting the petitions for liquidated damages because the defendants did not satisfy the statutory requirements for relief pursuant to § 8104. Specifically, the Bank claims that (a) it had not received satisfaction of the outstanding obligations under the equipment leases when the initial demand for satisfaction was received; (b) the defendants failed to make a written request for satisfaction to the Bank as required by *Marston v. Tryon, supra;* and (c) the defendants failed to tender the required costs with their request for satisfaction of the judgment.

■ Again, the Bank is claiming that it had not received satisfaction of the outstanding obligations under the equipment leases when the defendants demanded satisfaction on March 18, 1993. However, the trial court, in its January 5, 1994 order, resolved this issue. Memorandum in Support of Order, dated January 5, 1994. "In order to preserve the right to appeal from an order which finally adjudicates a dispute between litigants, it is beyond question that the appeal must be filed within 30 days of the date of the order." *In re Greist,* 431 Pa.Super. 188, 191, 636 A.2d 193, 195 (1994); Pa.R.A.P. 903(a). As the Bank failed to appeal the January 5, 1994 order within 30 days, this Court is without the authority to revisit this issue.

■ The Bank also claims that the defendants failed to satisfy the requirements of § 8104(a) because they did not make a written request for satisfaction to the Bank but, rather, sent such a request to the Bank's counsel. In support of this claim, the Bank cites *Marston, supra,* which held that the written demand for satisfaction of a judgment must be sent directly to the judgment creditor and not to the creditor's attorney. However, we find the Bank's reliance on this decision to be misplaced. In the century that has elapsed since that decision was rendered, our supreme court has promulgated Rules of Civil Procedure that govern the service of legal papers. Rule 440(a) provides that "[s]ervice shall be made by handing or mailing a copy [of all legal papers other than

original process] to or leaving a copy for each party at the address of the party's attorney of record...." Pa.R.C.P. 440(a). Moreover, this rule is applicable to actions brought pursuant to § 8104, which provides for "written notice in the manner prescribed by general rules." 42 Pa.C.S. § 8104(b). Thus, we conclude that *Marston* is no longer good law, and service of a written request for satisfaction of a judgment can properly be made upon the judgment creditor's attorney. Accordingly, the Bank's claim of improper service is without merit.

■ The Bank further contends that the defendants failed to comply with § 8104 because the defendants failed to include the filing fees necessary for entry of satisfaction with the demand letter. However, the Bank concedes that Sunseri's March 18, 1993 letter included a $10.00 check, an amount equal to the filing fee for a praecipe for entry of satisfaction. Brief for Appellant at 24. Moreover, in its review of this claim, the trial court found that the Bank had a significant overage resulting from the sale of the equipment which covered the satisfaction costs. Trial Court Opinion, dated April 13, 1995, at 9–10. We agree and, thus, conclude that this contention is without merit.

■ As its final issue, the Bank contends that the trial court erred when it refused to consider the Bank's submitted depositions by written interrogatories. After the defendants filed their petitions for liquidated damages, the court ordered the parties to proceed in accordance with Pa.R.C.P. 209. Consequently, the attorneys for both parties deposed Sunseri. Thereafter, the Bank attempted to submit what they termed "depositions by written interrogatories." These consisted of questions by one attorney for the Bank directed to the Bank's principle attorney and one of the Bank's vice presidents. The trial court found that these depositions were not conducted so as to allow the defendants to cross-examine the deponents. Rather, it concluded that they were self-serving attempts at giving uncontested testimony, in the nature of affidavits. Opinion, *supra*, at 8. We agree with this determination.

Thus, we conclude that these documents do not satisfy the provision of Rule 209 which provides for the taking of depositions regarding disputed issues of fact. Accordingly, the trial court did not err when it refused to consider these documents.

Based upon the foregoing, we affirm the order that awarded liquidated damages to the defendants.

Order AFFIRMED.

CAVANAUGH, J., concurs in the result.