MORGAN GUARANTY TRUST
COMPANY OF NEW YORK,
Appellant,

v.

George W. MOWL, Karin
J. Mowl, Appellees.

MORGAN GUARANTY TRUST
COMPANY OF NEW YORK,
Trustee, Appellant,

v.

George W. MOWL and Karin
J. Mowl, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 28, 1997.

Filed Jan. 15, 1998.

Harlan Stone, Pittsburgh, for appellant.

Maurice A. Nernberg, Pittsburgh, for appellees.

Before POPOVICH, HUDOCK and HESTER, JJ.

HESTER, Judge:

■ Morgan Guaranty Trust Company of New York appeals the April 7, 1997 order dismissing the action at GD 95–013711 that it instituted against appellees, George and Karin Mowl, to recover on a bond. It also appeals the judgment entered on the April 3, 1997 order granting appellees' petition to assess damages against appellant due to its failure to satisfy a judgment. That petition was filed at GD 92–018254.[1] We affirm.

The record reveals the following. On October 16, 1992, appellant instituted a complaint in mortgage foreclosure against appellees at GD 92–18254 in the Court of Common Pleas of Allegheny County with respect to property located 439 Rebecca Avenue, Pittsburgh. In the complaint, appellant alleged the following. Appellees executed a mortgage on August 31, 1979, in favor of Heritage Federal Savings and Loan Association, which assigned the mortgage to appellant. The mortgage was in default since monthly payments due February 1, 1992, and thereafter had not been paid. Under the terms of the mortgage, the entire debt was accelerated and became due once monthly payments were missed.

In the complaint, appellant listed as due the principal amount of $57,612.32 plus 1) interest due from January 1, 1992, through July 1, 1992, in the amount of $3,404; 2) a per diem expense of $18.40, which was provided for on any unpaid balance under the mortgage; and 3) attorney's fees and costs of suit. Appellant demanded judgment in the sum of $64,324.31 plus interest plus a per diem of $18.40 and also "other costs and charges collectible under the mortgage and for the foreclosure and sale of the mortgaged property." Complaint, at 10/16/92, at 2. After preliminary objections were denied, appellees filed an answer and new matter, contending, among other things, that appellant had breached the mortgage by failing to allow appellees to refinance the mortgage and by failing to allow them to sell the property. Appellant then moved for summary judgment, arguing that appellees had admitted that they failed to make the required mortgage payments and that it was entitled to judgment as a matter of law. Appellees did not respond, and appellant then filed a praecipe for judgment for failure to answer and assessment of damages. That document reads in relevant part:

TO THE PROTHONOTARY:

Kindly enter judgment in favor of the Plaintiff and against ... Defendant(s) for failure to file an Answer to Plaintiff's Complaint within 20 days from service thereof and for foreclosure and sale of the mortgaged premises, and assess Plaintiff's damages as follows:

| As set forth in Complaint | $64,324.31 |
| Interest– | $ _____ |
| TOTAL | $64,324.31 |

Praecipe for Judgment, 1/26/95, at 1. Then, appellants praeciped for a writ of execution, stating that the amount due was $64,324.31 and leaving a blank space for "interest due from 7/1/92," "per diem $18.40," "Attorney's commission (5%)," and "costs to be added."

Praecipe for Writ of Execution, 1/11/95, at 1. In accordance with those documents, the prothonotary entered judgment against appellees for $64,324.31. The execution writ was entered for the same amount.

---

**1.** Appellees have filed a motion to dismiss this appeal due to appellant's failure to designate the contents of the reproduced record in a timely fashion and due to its failure to include a table of contents in the reproduced record. *See* Pa.R.A.P. *2154, 2174.* Since these infractions of the rules are minor in nature and in no way affect our ability to engage in meaningful appellate review of the issues involved, we decline to dismiss this appeal. *Hagel v. United Lawn Mower Sales & Service, Inc.,* 439 Pa.Super. 35, 653 A.2d 17 (1995).

The next document of record is appellant's petition for assessment of damages, wherein it alleged the following. When appellant filed the praecipe for writ of execution listing the amount of $64,324.31 and leaving the remaining computations blank, the total amount of the judgment actually was $80,810.71. On January 26, 1995, the Prothonotary issued the writ of execution "incorrectly listing the amount due as only $64,324.31" because the *Prothonotary* failed to include the interest per diem and costs." Petition for assessment of damages, 1/26/95, at 2 (emphasis added).

Appellant also alleged that the mortgage note 1) allowed interest to accrue at $18.40 per day on the unpaid principal balance and that interest of $22,054.43 had accrued as of April 30, 1995; 2) provided for late charges in the amount of $49.29 per month and late charges of $1,873.02 had accrued as of April 30, 1995; and 3) provided for recovery of escrow advances made and that appellant had advanced $14,655.74 for taxes and insurance through April 30, 1995. Appellant asked that the court assess damages against appellees in the amount of $101,279.01 and amend the judgment previously entered against appellees to reflect that amount.

Appellees filed an answer and new matter to appellant's petition for assessment of damages. They denied that the judgment amount was improper. They noted that the amount entered by the prothonotary was the same amount requested by appellant and that if appellant concluded that the writ, also issued in that amount, was incorrect, it should have brought this fact to the attention of the court prior to the property's listing for sheriff's sale. Appellees also denied that any interest or late charges or other amounts were due since on March 27, 1995, they had satisfied the amount of the judgment.

Specifically, the following occurred. Appellants received a notice from the prothonotary that judgment had been entered against them. The notice stated that judgment was in the amount of "$64,324.31 PLUS COSTS." Exhibit 2 to Answer and New Matter to Petition for Assessment of Damages at 1. On the same day that judgment was entered, January 26, 1995, the prothonotary issued a writ of execution against appellees in the amount of $64,324.31. The writ indicates that the amount due was $64,324.31 and contains no figures where the form indicates that interest and costs should be listed. Appellees noted that if appellant believed that the amounts set forth in the notice of judgment and writ of execution were incorrect, it should have contacted the court or the prothonotary and corrected those amounts.

Thus, the documents establish that while the praecipe for writ of execution contained a request for judgment plus unlisted interest and per diem costs, none of the documents, including the actual writ of execution and the notice of judgment that appellees received, contains any figure other than the amount of the judgment, $64,324.31. Furthermore, the prothonotary is under no duty to compute appellant's interest and per diem and add it to the judgment appellant requested to be entered.

On February 6, 1995, appellant sent appellees notice that the property had been listed at a sheriff's sale to be held on April 3, 1995. In order to avoid a sheriff's sale, appellees sent appellant a letter asking for a pay off figure for the full amount of the mortgage, but appellant never responded to the letter. Since appellees had no pay off figure, they contacted the sheriff and asked what amount was needed to satisfy the judgment in full. The sheriff advised appellees that the judgment would be satisfied for the amount of $69,979, consisting of the judgment amount and court costs, advertising costs and sheriff's costs of $2,471.49 plus local taxes due in the amount $3,183.20. On March 27, 1995, appellees paid the sheriff the sum of $69,979.00.

Appellees argued that their payment to the sheriff operated as a full satisfaction of the judgment as a matter of law. They relied upon *Union National Bank of Pittsburgh v. Ciongoli*, 407 Pa.Super. 171, 595 A.2d 179 (1991) and *Chase Home Mortgage Corp. of the Southeast v. Good*, 370 Pa.Super. 570, 537 A.2d 22 (1988).

In *Union National Bank of Pittsburgh v. Ciongoli, supra,* the mortgagee appealed an order denying its petition to reassess dam-

ages against mortgagors. The mortgagee had filed a mortgage foreclosure complaint, summary judgment was granted to it, and judgment was entered in its favor. The mortgagee then filed a praecipe for writ of execution and a sheriff's sale was scheduled and then unscheduled. The face amount of the writ was for approximately $5,000, which included the amount owed by the mortgagors and interest through the date the first sale was scheduled but did not include interest through the second date that the sheriff's sale was scheduled. Three days before the second scheduled sale, the mortgagors paid the $5,000, and that amount was accepted by the sheriff even though the sheriff had been asked twice in writing by the mortgagee to amend the writ to include nearly $10,000 in interest and late charges, escrow advances, attorneys' fees and costs. After payment and on the date of the scheduled sale, the sheriff's office told appellees that additional funds of approximately $10,000 would be needed to prevent the sale, but appellees refused to tender that amount and successfully sought a stay of execution. The mortgagee then filed a petition for reassessment of damages, which was denied.

On appeal, the mortgagee argued that the court abused its discretion when it refused to amend the judgment since local practice and custom in Allegheny County allowed for the addition of the costs it sought to have added to the judgment amount originally entered. We disagreed. Relying upon *Chase Home Mortgage Corp. of the Southeast v. Good, supra,* we noted that once a judgment has been paid in full, it can not be amended. We held that the mortgagee should have petitioned the court for an amendment to the judgment prior to payment and could not rely upon an alleged practice of the Allegheny County sheriff to increase the amount owed.

We further found that if that practice existed, a mortgagee's ex parte attempt to increase the writ of execution figure was procedurally improper as well as constitutionally impermissible. We ruled specifically that it would be unconstitutional for the sheriff to increase unilaterally the amount entered in the writ of judgment based on allegations of the mortgagor. We stated, "Once judgment was entered, pursuant to the procedures employed in this case which comport with due process, any additional amounts levied without a proper court proceeding simply by letter or affidavit to the sheriff cannot be *sustained.*" *Union National Bank of Pittsburgh v. Ciongoli,* 407 Pa.Super. at 177, 595 A.2d at 182.

We opined that to the extent the Allegheny County Sheriff's Office had a procedure whereby the judgment would be increased to include amounts not originally in the judgment, that procedure would be unconstitutional. We ruled that the mortgagee is required to petition the court and provide notice and an opportunity to be heard to the mortgagors if the mortgagee wants to increase the amount of a judgment before it is satisfied. We stated:

> The alleged customary practice of revisiting/increasing the amounts due on judgments in Allegheny County can not be condoned. Unilateral additions by a creditor without notice to the debtor or to the court, which could review the validity of the increase, satisfy no state interest and impose an intolerable burden on the private interests of the homeowner. If [the mortgagee] knew the amount of the judgment was in error and believed it necessary to reassess the amount of the damages, it should have petitioned the court to amend the judgment prior to its satisfaction by [the mortgagor].

*Id.* 407 Pa.Super. at 177, 595 A.2d at 182 (footnote and citation omitted). We held that the mortgagee was precluded from reassessing the damages on the judgment since *the judgment was satisfied when the mortgagors tendered the amount listed in the writ of execution plus sheriff's costs.*

On June 2, 1995, based on the holding in that case, which is factually *identical* to the case herein, the trial court in the foreclosure action at issue denied appellant's motion for assessment of damages. On August 14, 1995, the trial court denied appellant's petition to vacate the June 2, 1995 order since the petition to vacate was filed more than thirty days after the June 2, 1995 order had been entered. 42 Pa.C.S. § 5505. Appellant failed

to appeal the June 2, 1995 order and the August 14, 1995 order.

On September 15, 1995, after the June 2, 1995 ruling was final and clearly established that appellant had no right to further interest or damages on its judgment and that the judgment was satisfied, appellees sent appellant a letter demanding that the judgment against them be marked as satisfied and tendering the costs of the satisfaction piece. When appellant refused to satisfy the judgment, appellees filed a petition for assessment of damages against appellant under 42 Pa.C.S. § 8104. On April 3, 1997, the trial court entered an order awarding appellees

damages under that section in the amount of $32,162.15, one-half of the judgment amount.[2] The appeal at number 863 Pittsburgh 1997 followed.

In the meantime, on August 25, 1995, appellant instituted an action against appellees at GD 95–013711 in the Court of Common Pleas of Allegheny County, averring that appellees owed it the amount of $38,506.31. Appellant contended that this amount was owed under the bond that appellees executed with the same mortgage that was the subject of the proceedings at 92–18254. They reached that amount as follows:

| | |
|---|---:|
| Principal Balance | $ 57,612.32 |
| Interest Due from 1–1–92 to 7–15–95 | 23,433.97 |
| (per diem $18.15) | |
| Attorney's Fees and Costs | 5,951.20 |
| Late Charges from 1–1–92 to 7–15–95 | 2,020.89 |
| ($49.29 per month) | |
| Cost of Suit and Title Search | 841.50 |
| Escrow Deficit | 14,155.74 |
| | |
| SUBTOTAL | $104,015.62 |
| | |
| Defendant's Payment to Allegheny County Sheriff | (69,979.00) |
| Sheriff's Costs | 4,469.69 |
| | |
| TOTAL | $ 38,506.31 |

Complaint on a bond, 8/25/95, at 2. Thus, appellant sought to recover in the 1995 action the costs and interest it had been denied on June 2, 1995, and August 14, 1995, in the 1992 action it had instituted on the mortgage. Appellees filed preliminary objections. Agreeing with those objections, the trial court concluded that the bond and mortgage merged, that the mortgage had been satisfied by the proceedings at 92–18254, and that appellant could not recover on the bond. It therefore dismissed the 1995 action. The appeal at 864 Pittsburgh 1997 followed.

■ On appeal, appellant contends first that at GD 92–18254, appellees' tender to the sheriff of the full amount listed on the writ of execution did not satisfy the judgment. It contends that the mortgage allowed for the addition of the per diem and various costs it now seeks and that it "is common practice in Allegheny County for the Sheriff to add the

interest and costs to the judgment in accordance with the amounts recited on the Praecipe." Appellant's brief at 7. Appellant suggests that the tender did not satisfy the mortgage since it was not appellant's intent for the tender to the sheriff to satisfy the mortgage and judgment.

We reject this argument. First, there were no amounts listed on the praecipe for interest and costs. Second, it is contrary to the law established in *Union National Bank of Pittsburgh v. Ciongoli, supra.* That case is completely dispositive of that issue. We held that a mortgage is satisfied when the mortgagors tender the amount of the judgment as listed in the writ of execution and that it would be unconstitutional for a sheriff to make additions to the judgment.

■ Appellant suggests that that case is distinguishable since the judgment obtained

**2.** Appellant raises no argument relating to the calculation of damages under 42 Pa.C.S. § 8104.

by it was not for a dollar certain but rather was open-ended and allowed for the later addition of interest. This position is unsound. The judgment was clearly for a dollar certain, and *appellant* simply *failed* to add in the figures for the interest and other costs. Furthermore, an open-ended judgment is illegal in a mortgage foreclosure action. *See Chase Home Mortgage Corp. v. Good, supra* (judgment in a mortgage foreclose action must be entered for a sum certain and if to be increased, judgment must be amended by court before satisfaction).

Furthermore, we ruled in *Union National Bank of Pittsburgh v. Ciongoli, supra,* that open-ended judgments are unconstitutional, that a judgment cannot be increased by the unilateral actions of the mortgagee, and that any addition to the amount of a judgment must be approved by the court after notice to the mortgagor. Herein, appellant sought to increase the amount of the judgment with costs and interest charges that added twenty percent to the face amount of the judgment. It should have sought approval of the court to amend its judgment prior to the sheriff's sale. Thus, the trial court correctly applied the holding of *Union National Bank of Pittsburgh v. Ciongoli, supra,* in the 1992 action when it ruled the judgment was satisfied by tender of the judgment amount to the sheriff. While appellant continually maintains that *it* did not intend for the tender to the sheriff to satisfy the mortgagor debt, what appellant intended is not relevant to what *the law provides.*

■ Finally, even if the trial court's June 2, 1995 decision denying appellant's petition for assessment of damages was completely incorrect, it is now the law of the case. *See First Seneca Bank v. Sunseri,* 449 Pa.Super. 566, 674 A.2d 1080 (1996). The order was a final, appealable order since it denied appellant the only relief it then was seeking in the mortgage foreclosure action. *See In re Petition to Release Adoption Records,* 439 Pa.Super. 273, 653 A.2d 1254 (1995) (where order operates to deny litigant the only relief litigant is seeking in an action, it is a final order).

■ Where a party fails to appeal a final order, it operates as *res judicata* on the issues decided. *Laconis v. Burlington County Bridge Commission,* 400 Pa.Super. 483, 583 A.2d 1218 (1990). Herein, appellant failed to appeal the June 2, 1995 order, and it operates as res judicata on the issue of satisfaction. *First Seneca Bank v. Sunseri, supra* (in order to challenge the propriety of an order holding that an obligation between the litigants was satisfied, creditor had to file appeal from order within thirty days; creditor could not challenge fact of satisfaction in debtor's subsequent proceedings under section 8104).

■ On June 2, 1995, the trial court made an explicit ruling that appellant's judgment in the mortgage foreclosure action was satisfied when appellees tendered the face amount on the writ of execution to the sheriff. This ruling not only was correct under the controlling precedent of *Union National Bank of Pittsburgh v. Ciongoli, supra,* it became *res judicata* when appellant failed to appeal it within thirty days. *First Seneca Bank v. Sunseri, supra.* Thus, it is clear that even if the June 2, 1995 order were blatantly contrary to law, appellant would be bound by that order. Appellees demanded that the judgment be satisfied three months after the order was entered, tendering the amount needed to do so, and appellant failed to mark the judgment satisfied.

Thus, we are compelled to conclude that the trial court correctly assessed damages under 42 Pa.C.S. § 8104, which provides (emphasis added):

(a) **General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

(b) **Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) *shall* pay to the judgment debtor

as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages *shall* be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

Herein, appellees did not make their satisfaction demand until three months after the June 2, 1995 order wherein the court held that the mortgage was satisfied by appellees' tender of the judgment amount to the sheriff. If appellant was dissatisfied with the June 2, 1995 ruling, it should have appealed it. Once it failed to do so, it was legally bound to following the ruling. Since appellant failed to mark as satisfied a judgment that was satisfied, damages under section 8104 must be imposed. *Key Savings and Loan Ass'n. v. Louis John, Inc.*, 379 Pa.Super. 226, 549 A.2d 988 (1988) (language of 8104 is mandatory and debtor need not establish that creditor acted in wanton or willful fashion in failing to mark judgment satisfied in order to obtain damages under that section); *see also First Seneca Bank v. Sunseri, supra* (same).

Appellant's reliance upon *Key Savings and Loan Ass'n. v. Louis John, Inc., supra,* and *Busy Beaver Building Centers, Inc. v. Tueche,* 295 Pa.Super. 504, 442 A.2d 252 (1981), is unavailing. In *Busy Beaver,* there was a mortgage note *and* a separate underlying judgment note, and the debtors had not fully satisfied the amount of the judgment note. In *Key,* the creditor's judgment had not been satisfied at all, but rather, one of three co-debtors under the judgment had wanted the judgment satisfied based upon the fact that the creditor had released him, but not the other co-debtors, from the debt. In those cases, we held that a creditor must receive full satisfaction of the underlying debt instrument before section 8104 comes into play.

Herein, there is one instrument, a mortgage, and the 1992 action was commenced solely on that instrument. Appellees had a ruling that the mortgage, the only underlying debt instrument in this action, was satisfied. Thus, the underlying debt instrument was satisfied whether or not appellant thought it was satisfied, whether or not appellant wanted it to be considered satisfied, and whether or not the full amount due under the mortgage was paid. Furthermore, appellant's predicament is a result of its own failure to have the judgment accurately reflect the amounts owed under the mortgage.

Herein, the trial court rendered a decision on June 2, 1995 that appellant's judgment was satisfied. Appellees did not make a satisfaction demand until after that decision was final. Hence, the law of the case is that appellant's judgment was satisfied, and appellees are entitled to damages under 42 Pa.C.S. § 8104.

■■■ We now decide whether appellant can proceed to recover at 95–013711 for amounts due under the bond. "The payment of either a mortgage or a collateral bond discharges both, 'and a release or extinguishment of either, without actual payment, is a discharge of the other, unless otherwise intended by the parties.'" *Fleming v. Parry,* 24 Pa. 47 (1854)." *Price v. Geller,* 292 Pa.Super. 455, 437 A.2d 763 (1981). There is presumption that payment on the mortgage extinguishes the bond. *Id.* Herein the trial court disposed of appellant's argument at GD 95–013711 as follows:

> [Appellant] argues that it is entitled to recover under the bond since it is a separate instrument from the mortgage. . . . In the present case, the pleadings clearly evidence an intention of the parties that satisfaction of the mortgage should represent satisfaction of the bond. The parties intended for the two instruments to operate in conjunction with each other. The bond and the mortgage were executed on the same day. Civil Action Complaint on a Bond, Exhibits A, B. The mortgage makes repeated reference to the bond. For example, the language of the mortgage states that the bond is " . . . hereby referred to and made part hereof, the same as if it were verbatim set forth herein." Furthermore, [appellant] has not alleged any facts to rebut the presumption that the bond does not survive satisfaction of the mortgage. Accordingly, [appellant] may not recover on the bond.

Trial court opinion, 4/2/97, at 3. This analysis is correct under the law and the facts, and we adopt it as our own.

Motion to dismiss these appeals for noncompliance with the rules of appellate procedure is denied. The judgment entered at G.D. 92–018254 and appealed at 863 Pittsburgh 1997 is affirmed. The order entered at GD 95–013711 and appealed at 864 Pittsburgh 1997 is affirmed.