J-A09002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HALFPENNY MANAGEMENT CO. AND RICHARD CARR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES D. SCHNELLER, | |
| Appellant | No. 2095 EDA 2014 |

Appeal from the Order Entered July 10, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): 13-3232

BEFORE:  BOWES, DONOHUE, AND STABILE, J.

MEMORANDUM BY BOWES, J.:　　　　　　　　**FILED APRIL 16, 2015**

James D. Schneller appeals from an order refusing his request to reinstate his appeal from an arbitration award.  We affirm.

This is a landlord-tenant matter that Appellant's landlord litigated before the magisterial district judge, who ruled in favor of the landlord. Appellant initiated this action by appealing from the magisterial district judge to the court of common plea; he simultaneously petitioned to proceed *in forma pauperis.*  On April 13, 2013, Appellant's application to proceed *in forma pauperis* was denied on the ground that his ability to pay court costs was "established in numerous other filings with the Court."  Order of Court, 4/13/13, at 1.  The case proceeded to arbitration.  On January 6, 2012, the

arbitrators entered an award in favor of the landlord granting the landlord possession and monetary damages of $2,000.

On February 5, 2014, Appellant filed an appeal without paying the court costs. Even though previously denied the right to proceed *in forma pauperis*, Appellant filed another request for the same relief. His second request to proceed *in forma pauperis* status was denied on March 4, 2014, and the docket proves that Pa.R.C.P. 236 notice of the order denying Appellant *in forma pauperis* status was sent the same day.

Appellant did not forward the costs for filing the appeal from arbitration, and it was stricken on March 21, 2014. *See* Pa.R.C.P. 240 (c)(1)(ii) (requiring a petitioner to pay the filing fee for an appeal if a petition to proceed *in forma pauperis* is denied and requiring the prothonotary to thereafter strike an appeal if the fee is not paid). Appellant petitioned for reinstatement of his appellate rights *nunc pro tunc*, and claimed he never received notice of the March 4, 2014 order denying him *in forma pauperis* status. He also petitioned for reconsideration of denial of *in forma pauperis* status and for a stay of eviction.

In orders entered on July 8, 2014, the trial court denied Appellant's motion for reinstatement of his appellate rights from the arbitration award, his motion for reconsideration of denial of his motion to proceed *in forma pauperis*, and his motion for stay of eviction. It found incredible Appellant's claim that he had not received notice of the March 4, 2014 order denying his

application to proceed *in forma pauperis*. It based its credibility determination on the fact that Appellant received notice of the striking of the appeal as well as all other notices disseminated in the proceeding. The trial court also stated: "[A]s a result of the Defendant's long history with this Court involving countless cases, Defendant has no credibility with the Court." Opinion, 8/13/14, at 2. Appellant filed this appeal from the July 8, 2010 order. He then filed a petition for stay of eviction pending this appeal, which was denied, and the same request for relief with this Court, which also declined to award Appellant relief.

In this appeal, Appellant argues that the trial court erred in denying him the right to appeal *nunc pro tunc* and to proceed *in forma pauperis*, and he asks the panel to the revisit denial of the stay of eviction.

> I. Has the Trial Court Abused Discretion, Erred in the Law and Findings, Decided Against the Weight of the Evidence, and Deprived Constitutional Rights, By Denying The Requested Reinstatement of Appeal, and Stay of Writ of Dispossession ?
>
> In the event that a single judge has decided the Applications for Stay filed in this Court, appellant requests review by the Panel.
>
> II. Has The Trial Court Erred, And May The Court Vacate, Due To Law Of The Case And Coordinate Jurisdiction Prevalent Over The Matter Of Application For Leave To Proceed *In Forma Pauperis*?

Appellant's brief at 7.

Initially, we note that: "Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge." ***Fischer v. UPMC Northwest***, 34 A.3d 115, 120 (Pa.Super. 2011). It is clear that the trial court

> "may grant an appeal *nunc pro tunc* when a delay in filing is caused by extraordinary circumstances involving fraud or some breakdown in the court's operations through a default of its officers. . . . Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties."

***Id***. (citations and quotation marks omitted).

Such relief will also be granted where the failure to appeal is the result of non-negligent conduct by the appealing party, the appeal was filed shortly after the appeal period expired, and the other party has not been prejudiced by the delay in filing the appeal. ***Id***.

Appellant's preserved averment is that he is entitled to reinstatement of his appellate rights because he did not have notice of the denial of *in forma pauperis* status and therefore was unaware that he had to tender the filing fee for such an appeal. This allegation suggests that there was a breakdown in the court's operation. The trial court's rejection of his claimed lack of notice of entry of the March 4, 2014 order was not an abuse of discretion in light of the fact that the docket establishes that notice of the March 4, 2014 order properly was disseminated and that Appellant received notice of other court filings. Indeed, Appellant was aware that he had

already been denied *in forma pauperis* status in this case. His failure to tender the appellate filing fee cannot be excused.

Appellant secondarily claims that he was improperly denied *in forma pauperis status*. Our Supreme Court has determined the practical consequence of an order denying *in forma pauperis* status is to effectively put the party out of court and that, accordingly, such an order falls within the definition of a final order. **Grant v. Blaine**, 868 A.2d 400 (Pa. 2005). Accordingly, it expressly held that "an order denying *in forma pauperis* status is a final, appealable order." **Id**. at 402; **accord Crosby Square Apartments v. Henson**, 666 A.2d 737, 738 n. 1 (Pa.Super. 1995) ("An order denying a petition to proceed *in forma pauperis* is a final, appealable order since the appellant is effectively out of court due to the claimed inability to provide costs and fees necessary to pursue the action in the trial court."); **see also Commonwealth v. Lepre**, 18 A.3d 1225, 1226 n.3 (Pa.Super. 2011); **Amrhein v. Amrhein**, 903 A.2d 17 (Pa.Super. 2006).

Since Appellant never filed appeals from the April 13, 2013 and March 2, 2014 orders denying him *in forma pauperis* status, the propriety of that determination cannot be entertained in this appeal. As we noted in **Morgan Guarantee Trust Co. of New York v. Mowl**, 705 A.2d 923, 928 (Pa.Super. 1998), "Where a party fails to appeal a final order, it operates as *res judicata* on the issues decided." Appellant's ability to pay court costs therefore cannot be revisited herein. **Id**.

Since we have determined that the trial court correctly refused to reinstate Appellant's appeal from the arbitration award, we decline to issue a stay of any eviction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2015