J-A08020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HALFPENNY MANAGEMENT CO. AND RICHARD CARR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| JAMES D. SCHNELLER | |
| Appellant | No. 521 EDA 2016 |

Appeal from the Order Entered January 15, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 13-3232

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 24, 2017**

James D. Schneller appeals, *pro se*, from the trial court's January 15, 2016 order denying his motion to vacate an arbitration award and order denying reinstatement of appeal.  After careful review, we affirm.[1]

A prior panel of our Court aptly summarized the underlying facts of the instant case:

> This is a landlord-tenant matter that [Schneller's] landlord litigated before the magisterial district judge, who ruled in favor

---

[*] Former Justice specially assigned to the Superior Court.

[1] We, herein, deny Schneller's motion for peremptory writ of mandamus and writ of prohibition.

of the landlord.[2]  [Schneller] initiated this action by appealing from the magisterial district judge to the court of common plea[s]; he simultaneously petitioned to proceed *in forma pauperis*.  On April 13, 2013, [Schneller's] application to proceed *in forma pauperis* was denied on the ground that his ability to pay court costs was "established in numerous other filings with the Court."  Order of Court, 4/13/13, at 1.  The case proceeded to arbitration.  On January 6, 2012, the arbitrators entered an award in favor of the landlord granting the landlord possession and monetary damages of $2,000.

On February 5, 2014, [Schneller] filed an appeal without paying the court costs.  Even though previously denied the right to proceed *in forma pauperis*, [Schneller] filed another request for the same relief.  His second request to proceed *in forma pauperis* was denied on March 4, 2014, and the docket proves that Pa.R.C.P. 236 notice of the order denying [Schneller] *in forma pauperis* status was sent the same day.

[Schneller] did not forward the costs for filing the appeal from arbitration, and it was stricken on March 21, 2014.  ***See*** Pa.R.C.P. 240(c)(1)(ii) (requiring petitioner to pay the filing fee for an appeal if a petition to proceed *in forma pauperis* is denied and requiring the prothonotary to thereafter strike an appeal if the fee is not paid).  [Schneller] petitioned for reinstatement of his appellate rights *nunc pro tunc*, and claimed he never received notice of the March 4, 2014 order denying him *in forma pauperis* status.  He also petitioned for reconsideration of denial of *in forma pauperis* status and for a stay of eviction.

In [an] order entered on July 8, 2014, the trial court denied [Schneller's] motion for [reinstatement] of his appellate rights from the arbitration award, his motion for reconsideration of denial of his motion to proceed *in forma pauperis*, and his motion for stay of eviction.  It found incredible [Schneller's] claim that he had not received notice of the March 4, 2014 order denying his application to proceed *in forma pauperis*.  It based its credibility determination on the fact that [Schneller] received notice of the striking of the appeal as well as all other notices

_____

[2]  Appellee Halfpenny Management Co. ("Halfpenny") was awarded possession of the premises at issue and $2,000 in attorney's fees, plus interest and costs.

disseminated in the proceeding. The trial court also stated: "[A]s a result of the [Schneller's] long history with this [c]ourt involving countless cases, [Schneller] had no credibility with the [c]ourt." [Trial Court] Opinion, 8/13/14, at 2. [Schneller] filed this appeal from the July 8, 2014 order. He then filed a petition for stay of eviction pending this appeal, which was denied, and the same request for relief with this Court, which also declined to award [Schneller] relief.

In this appeal, [Schneller] argues that the trial court erred in denying him the right to appeal *nunc pro tunc* and to proceed *in forma pauperis*, and he asks this panel to revisit [the] denial of the stay of eviction.

***Halfpenny Management Co. and Richard Carr v. James D. Schneller***, No. 2095 EDA 2014 (Pa. Super. filed April 16, 2015). On appeal, our Court "determined that the trial court correctly refused to reinstate [Schneller's] appeal from the arbitration award, [and] decline[d] to issue a stay of any eviction." ***Id.*** at 6.

On February 24, 2016, Schneller filed the instant notice of appeal from the trial court's January 15, 2016 order denying his motion to vacate the arbitrator's award. On March 17, 2016, our Court ordered Schneller to enter judgment on the trial court docket, pursuant to Pa.R.A.P. 301, or suffer dismissal of the appeal. ***See Dunlop by Hoffman v. State Farm Ins.***, 546 A.2d 1209 (Pa. Super. 1988) (order denying petition to vacate arbitration award not final appealable order when order never reduced to final judgment). When Schneller failed to timely comply with the order, our Court *sua sponte* quashed the appeal on April 15, 2016. However, on May 3, 2016, Schneller filed an application to reconsider our quashal order. On June 2, 2016, our Court granted the application for reconsideration and

reinstated Schneller's appeal. *See* Order, 6/2/16. Schneller filed a timely court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On appeal, Schneller raises the following issues:

(1) Has the trial court abused [its] discretion, erred in the law and findings, and deprived Constitutional rights, by denying the motion to strike or vacate [the] award of arbitrators and for leave to amend the complaint to add new evidence and claims?

(2) Has the trial court erred and may the court vacate, due to law of the case and coordinate jurisdiction prevalent over the matter of application for leave to proceed *in forma pauperis*.

(3) Has the trial court abused [its] discretion, erred in the law and findings, decided against the weight of the evidence, and deprived [Schneller of his] Constitutional Rights, by denying the earlier requested reinstatement of [his] appeal, and stay of writ of dispossession?

Appellant's Brief, at 13.

Schneller first contends that the trial court erred in denying his motion to strike the arbitrator's award and leave to amend his complaint to add new evidence and claims.

Initially, we note that Schneller never appealed from the arbitrator's decision entered on January 6, 2014. Pursuant to Pa.R.C.P. 1308:

(a) An appeal from an award shall be taken by

(1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided as required by Rule 1307(a)(3), and

(2) payment to the prothonotary of the compensation of the arbitrators not exceeding fifty percent of the amount in controversy, which shall not be taxed as costs or be recoverable in any proceeding;

provided that the court, in an appropriate case, upon petition may permit the appellant to proceed in forma pauperis.

Pa.R.C.P. 1028. Thus, procedurally, in order to preserve any challenge to the arbitrator's award, Schneller was required to file a timely notice of appeal from that order. Because of his procedural misstep, the fact that the trial court's order denying his motion to vacate the arbitration award was reduced to judgment is of no moment. The fact remains that Schneller's failure to properly preserve the initial challenge to the award precludes our review of the issue.[3]

Schneller's second issue has already been disposed of in our Court's prior panel decision. **See Halfpenny Management Co.**, **supra** (because Schneller did not appeal from final orders dated April 13, 2013 and March 4, 2014, that denied him *in forma pauperis* status, we were precluded from addressing whether court properly denied him such status based upon ability to pay court costs); **see also Morgan Guarantee Trust Co. of new York**

_____

[3] However, even if we were to address the merits of this issue, we would conclude that the trial court's order denying Schneller's motion to vacate the arbitrators' award was not an abuse of discretion where Halfpenny provided written notice to Schneller to quit the leased premises effective February 28, 2013; the parties had a month-to-month lease with the right to terminate for any reason or no reason at all; and, where Schneller refused to relinquish possession of the demised premises.

***v. Mowl***, 705 A.2d 923 (Pa. Super. 1998) (where party fails to appeal final order, it operates as *res judicata* on issues decided). We will not revisit this issue.

In his final claim, Schneller re-raises the issue that the trial court improperly denied his request to reinstate his appeal. As our prior panel noted, the trial court "found incredible [Schneller's] claim that he had not received notice of the March 4, 2014 order denying his application to proceed *in forma pauperis*." ***Halfpenny Management Co.***, ***supra*** at 3, citing Trial Court Opinion, 8/13/14, at 2. Thus, Schneller was not excused from forwarding the costs for filing the appeal from arbitration and the appeal was properly stricken. ***See*** Pa.R.C.P. 240(c)(1)(ii) (requiring petitioner to pay filing fee for appeal if petition to proceed *in forma pauperis* denied and requiring Prothonotary to thereafter strike appeal if fee not paid).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017