537 A.2d 22

**CHASE HOME MORTGAGE CORPORATION OF THE SOUTHEAST (Formerly Housing Investment Corporation of Florida), Appellant,**

v.

**Dean R. GOOD and Susan M. Good, H/W, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 7, 1987.

Filed Feb. 4, 1988.

---

Gary E. McCafferty, Philadelphia, for appellant.

M. Kevin Coffey, Wellsboro, for appellees.

Before ROWLEY, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

Shortly before a scheduled sheriff's sale of real estate pursuant to writ of execution issued to enforce a judgment obtained in mortgage foreclosure proceedings, the mortgagors paid the amount of the judgment and costs. The mortgagee thereupon petitioned the court to reassess damages to include taxes and carrying charges for the three year period in which the sale had been stayed by a bankruptcy court. The trial court dismissed the petition, and the mortgagee appealed. We affirm.

On July 26, 1979, Dean Good and Susan Good, husband and wife, executed and delivered a mortgage on their residence to Colonial Mortgage Service Company. The mortgage was subsequently assigned to Chase Home Mortgage Corporation (Chase). On August 18, 1982, Chase commenced an action of mortgage foreclosure against the Goods to recover a mortgage balance of $32,718.44. When the Goods failed to file an answer, a default judgment was entered against them, and damages were assessed at $33,-625.17. A writ of execution was thereafter issued, and sale was set for November 5, 1982. On that date, however, the Goods filed a petition under Chapter 13 of the United States Bankruptcy Laws,[1] which had the effect of staying the sale.[2] Although they were required to make monthly payments and to pay any arrearages pursuant to the plan filed under Chapter 13, the Goods failed to do so. As a consequence, on September 4, 1985, the stay of foreclosure was lifted by the Bankruptcy Court. On June 10, 1986, a second writ of execution was issued; and a sheriff's sale was set for August 8, 1986. On the date of sale, however, the Goods tendered to the sheriff the sum of $34,131.50, which

[1]  Title 11, United States Code.
[2]  See: 11 U.S.C. § 362(a)(2).

represented the amount of the judgment and costs. The sheriff thereupon stayed the sale and issued a receipt evidencing payment of the judgment in full.

On August 21, 1986, Chase filed a petition in the Court of Common Pleas of Berks County to reassess its damages. It alleged that the amount paid by the Goods had not included interest[3] or the cost of taxes and insurance premiums which it had paid for almost three years while the sale was stayed. When these items were included, Chase alleged, the correct amount due was $51,033.42. Following an evidentiary hearing, the trial court dismissed the petition.

"Judgment in a mortgage foreclosure action must be entered for a sum certain or no execution could ever issue on it." *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 226, 282 A.2d 335, 340 (1971). In the instant case, a default judgment had been properly entered following the Goods' failure to file an answer to Chase's complaint, and damages were assessed on the basis of the following figures submitted by Chase:

| | |
|---|---|
| Balance of Principal Due | $28,625.68 |
| Interest from 10/1/81 to 11/5/82 at 10% | 3,143.84 |
| Escrow Balance Deficit | 295.66 |
| Late Charges | 128.71 |
| Attorney's Fees at 5% | 1,431.28 |
| Total | $33,625.17 |

Pa.R.C.P. 3183(a) directs that execution shall be stayed "... (3) upon a showing of a right to a stay under the provisions of an Act of Congress...." However, such a stay may contain appropriate terms and conditions and may be limited in time. Pa.R.C.P. 3183(c). In the instant case, the stay was required by the United States Bankruptcy Laws. Under the plan filed pursuant to Chapter 13, however, the Goods were required to continue to make monthly payments, including interest, taxes, and the cost of insurance as required by the mortgage. In this case, the

3. Chase alleged that interest was due at the contract rate of ten (10%) percent.

mortgagors failed to comply with this condition. When the stay was lifted, therefore, the mortgagee could properly move the court to amend the judgment to add additional sums due by virtue of the mortgagors' failure to comply with the terms of the mortgage agreement during the stay. Cf. *Stephenson v. Butts*, 187 Pa.Super. 55, 59, 142 A.2d 319, 321 (1958) (court may exercise power to control enforcement of judgment and may grant relief until judgment is discharged or satisfied).

Chase, however, failed to take the necessary steps to amend the judgment. Instead, execution was re-issued on the original judgment. On the day of the scheduled sheriff's sale, the Goods appeared and paid this judgment and costs in full. The sheriff, therefore, did not sell the real estate.

■ Although a court has the power to control the enforcement of a judgment and to amend the judgment to grant relief as required by the conditions of an order staying execution, it has no power to amend a judgment after it has been satisfied. 20 P.L.E., Judgments § 191. Cf. *Stephenson v. Butts, supra,* 187 Pa.Superior Ct. at 59, 142 A.2d at 321. After the Goods had paid the judgment in full on the date of the scheduled sheriff's sale, Chase, the mortgagee, could no longer request the court to amend the judgment on which execution had issued.

Our holding is limited. We do not now hold that the mortgagors are entitled to obtain a satisfaction of the mortgage or that the mortgagee is powerless to effect a recovery of moneys remaining due under the terms of its loan agreement. Those issues are not now before us. We hold only that the judgment on which execution was issued could not be amended after it had been paid in full. The trial court, therefore, was correct when it denied Chase's petition to amend the judgment.

Order affirmed.