595 A.2d 179

**UNION NATIONAL BANK OF PITTSBURGH, Assignee of Housing Mortgage Corporation, Appellant,**

v.

**James A. CIONGOLI and Louise T. Ciongoli, his Wife.**

Superior Court of Pennsylvania.

Argued May 22, 1991.

Filed Aug. 6, 1991.

Louis P. Vitti, Pittsburgh, for appellant.

Kenneth R. Behrend, Pittsburgh, for appellees.

Before TAMILIA, POPOVICH and MONTGOMERY, JJ.

TAMILIA, Judge:

Union National Bank (mortgagee) appeals from the September 5, 1990, Order denying its petition to reassess damages against mortgagors, James A. and Louis T. Ciongoli, appellees herein. The pertinent procedural facts follow.

On April 29, 1987, appellant filed a mortgage foreclosure complaint against the appellees. By Order dated July 11, 1988, the trial court granted mortgagee's motion for summary judgment and entered judgment in mortgage foreclosure in appellant's favor. Judgment was affirmed by Order of this Court dated April 27, 1989, 563 A.2d 201 and, on September 17, 1990, the Supreme Court granted mortgagors' petition for allowance of appeal, which appeal is pending. In the interim, on February 9, 1990, the appellant filed a praecipe for writ of execution and a sheriff's sale was ultimately scheduled for August 6, 1990. The face amount of the writ was $5,451.81, which included the amount owed by mortgagors, interest through May 7, 1990, the date of the originally scheduled sheriff's sale, and sheriff's costs. On Friday, August 3, 1990, appellees paid the sheriff the $5,451.81 to stop the sale and the sheriff accepted the amount, disregarding two written requests by appellant's counsel to amend the writ to include an additional $9,735.80, representing interest and late charges, escrow advances, attorneys' fees and costs. On Monday, August 6, 1990, the sheriff's office advised counsel for appellees additional funds in the amount of $9,735.85 were required to

prevent the sale. Appellees refused to pay the additional money and, on August 15, 1990, obtained a stay of the sheriff's sale pending the outcome of appellant's petition to reassess damages. The petition was denied as was appellant's motion for reconsideration and this appeal followed.

Appellant/mortgagee argues the court abused its discretion by refusing to amend the judgment without a factual hearing on the matter which, appellant argues, would have disclosed local practice and custom in Allegheny County, as well as the sheriff's alleged clerical error.

In finding the appellants were precluded from amending the judgment the appellees had satisfied in full, the trial court analogized the case to *Chase Home Mortgage Corp. v. Good,* 370 Pa.Super. 570, 537 A.2d 22 (1988), wherein on the day of the scheduled sheriff sale, the mortgagor tendered the judgment amount plus costs and this Court affirmed the trial court's dismissal of mortgagee's petition to reassess damages, holding the judgment could not be amended after it had been paid in full. *Id.,* 370 Pa.Superior Ct. at 573–74, 537 A.2d at 24. Appellant contends *Chase* is distinguishable from the facts before us arguing he did take action to amend the judgment and, unlike the mortgagee in *Chase,* was not afforded the opportunity for an evidentiary hearing on his petition to reassess.

Appellant's attempts to distinguish the present case from *Chase* must fail. Appellant zealously followed the Pennsylvania Rules of Civil Procedure throughout its mortgage foreclosure action against appellees up to and including its praecipe for writ of execution on judgment entered, yet there is no indication appellant *petitioned the court* for an amendment to the judgment they received prior to payment in full of the face amount of the writ. Instead, appellant relies on an alleged Allegheny County custom to support its contention the letters it sent to the sheriff were sufficient to increase the amount owed by appellees. It is this alleged local custom upon which appellant relies to distinguish this case from *Chase.* While there is no evidence the appellant made any attempt to notify appellees of its two unilateral

attempts to increase the amount due, appellees did receive notice that the amount they were required to pay to satisfy the judgment against them and retain their home was $3,684.17 plus interests and costs. Accordingly, the appellees, in good faith, three days prior to the scheduled August 6, 1990, sheriff's sale, satisfied the face value of the writ, $5,451.81. We find appellant's ex parte attempts to increase the writ of execution figure were procedurally futile as well as constitutionally unsupportable. Because the holding in *Chase* prohibits amendment of a judgment after it has been satisfied, and letters or affidavits to the sheriff to increase a judgment, without amendment of the judgment by the court before the judgment is satisfied, are of no effect, we find no merit to appellant's contention the trial court abused its discretion by refusing to amend the previously satisfied judgment.

Appellant also attempts to distinguish *Chase* on the theory appellant herein did not have an evidentiary hearing on its petition to reassess damages. The record indicates appellant notified appellees and the sheriff the Petition to Reassess would be presented to the motions judge of Allegheny County on August 17, 1990, at 9:00 a.m. The next record entry is appellee's reply to the petition and brief in support thereof which, according to the certificate of service, was hand delivered to appellant's counsel on August 17th. The record does not disclose what occurred on August 17th, however, on September 5, 1990, the Honorable David Cercone denied the petition. All three documents, the petition, reply and Order, were filed in the prothonotary's office on September 6, 1990. We can therefore assume the trial court had the petition and reply available for his review when considering the matter before him. There is no evidence of record which indicates appellant requested a hearing on the matter nor do we believe appellant has been prejudiced by the lack of a hearing. Appellant certainly could have presented a brief in support of his motion to the trial court. Moreover, as a brief was submitted and argument presented before this Court, we have

had the opportunity to carefully review and consider appellant's full argument and find it is not persuasive. The trial judge considered the pleadings presented to him and no prejudice ensued to appellant due to the court's failure to hold a hearing as the result would not have been different had there been a hearing. Appellant relies on the alleged local custom to justify his course of action and error by the sheriff in failing to follow the practice of increasing the judgment amount, pursuant to letters from the appellant, prior to payment by appellee. As discussed below, this could not have any bearing on the result.

Appellant argues the court erred by failing to take judicial notice of his assertion Allegheny County custom and practice dictate a creditor may arbitrarily and unilaterally increase a dollar certain judgment on the face of a sheriff's writ in a mortgage foreclosure action. Appellant, however, has failed to offer any evidence of such a custom but rather relies on the bald allegation such a custom exists. In 1984, the Commonwealth Court held it could not, under the concept of judicial notice, enlarge upon the actual record by conducting a title search. *Active Amusement Co. v. Zoning Board of Adjustment*, 84 Pa.Cmwlth. 538, 479 A.2d 697 (1984). For the same reason, this Court cannot and will not go beyond the record before us to search for support for appellant's custom and usage argument. Assuming arguendo the appellant had established by competent evidence the existence of the local custom in Allegheny County, the result would not be different.

Recently, the United States Supreme Court handed down an Opinion which held it is violative of the fourteenth amendment to, without prior notice or hearing and merely upon plaintiff's verification of the validity of his claim and petition to the state court, obtain an attachment on respondent's home. In *Connecticut and Digiovanni v. Doehr*, — U.S. ——, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991), the Court found unconstitutional a Connecticut statute which permitted ex parte attachment on a mere showing of probable cause and when notice of attachment was received by

respondent only after the sheriff had attached the property. The fact the respondent was notified of the right to a post-attachment hearing was inconsequential because it permitted ex parte attachment absent a showing of extraordinary circumstances.

While the case sub judice is not on all fours with *Connecticut*, the principle applied there is fully applicable here. If failure to give notice and provide for a hearing is violative of due process in an attachment proceeding, how much more critical are those requirements in an execution proceeding. The mere taint of attachment is held to be a deprivation. Here, execution would result in a total deprivation for a homeowner unprepared to meet the increased amount of the judgment and without having the opportunity to contest the validity of the additional charges. The test as to the validity of any procedure involving deprivation of property through state action, such as a sheriff's sale, has been enunciated in numerous holdings by the United States Supreme Court. The analysis employed in *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), is cited in *Connecticut* as the underlying principle which should guide such action.

> That analysis resulted in the now familiar threefold inquiry requiring consideration of 'the private interest that will be affected by the official action'; 'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards'; and lastly 'the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'

*Id.,* —— U.S. at ——, 111 S.Ct. at 2112, quoting *Matthews*, 424 U.S. at 334, 96 S.Ct. at 902. As pursued in *Connecticut*, the *Matthews* test, when applied here, makes it absolutely clear that a custom or procedure which presents amounts to be garnered in execution, which were not reviewed by a court and without notice to the defendant and presented to him for the first time at the sheriff sale,

violate the fourteenth amendment due process clause which prohibits the taking of property without due process of law. Once judgment was entered, pursuant to the procedures employed in this case which comport with due process, any additional amounts levied without a proper court proceeding but simply by letter or affidavit to the sheriff cannot be sustained. Thus the issue raised by appellant as to custom and usage, when measured against *Matthews* and aside from the binding effect of *Chase, supra,* in satisfying the judgment, leads to the inescapable conclusion it is totally without merit. In essence, the alleged custom permits a *prejudgment execution* since the additional amounts charged to the preexisting judgment were never considered or passed upon by the court and notice of their imposition was never given to the defendant. On its face, an addition to a judgment two or three times the amount of the writ, without notice to the debtor and absent judicial review as to the validity of the claim, and without recourse to a bond in the event of error, is unfair if not illegal.

The alleged customary practice for revising/increasing the amounts due on judgments in Allegheny County can not be condoned.[1] Unilateral additions by a creditor without notice to the debtor or to the court, which could review the validity of the increase, satisfy no state interest and impose an intolerable burden on the private interests of the homeowner. *See Matthews, supra.* If appellant knew the amount of the judgment was in error and believed it necessary to reassess the amount of the damages, it should have petitioned the court to amend the judgment prior to its satisfaction by appellee. The burden placed on the government in providing additional safeguards is outweighed by protection which must be afforded to the homeowner/debtor under the facts of this case.

For the foregoing reasons, we agree with the trial court *Chase* is controlling and the appellant is precluded from

---

1. This is not to say that, by local rule, a means can not be established whereby the parties can adjust the judgment amount by agreement mutually considered and entered into with the interests of the parties fully protected.

reassessing damages on a judgment which has been satisfied in full. We also hold local custom or practice as alleged by appellant is a denial of due process and can not be a basis for awarding a new hearing under the circumstances of this case.

Order affirmed.

POPOVICH, J., concurs in the result.