NATIONSBANC MORTGAGE CORPO-
RATION f/k/a Keycorp Mortgage,
Inc., Appellee,

v.

Samuel A. GRILLO and Mary Alice
Grillo and United States of
America, Appellant.

Appeal of: Samuel and
Mary Alice Grillo.

Federal Home Loan Mortgage
Corporation

v.

Samuel A. Grillo and Occupants.

Appeal of Samuel and Mary
Alice Grillo.

Superior Court of Pennsylvania.

Argued July 23, 2002.

Filed June 10, 2003.

Joel W. Todd and Frank Schwartz, Philadelphia, for appellants.

Bonnie Dahl, Cherry Hill, NJ, for Nationsbanc, appellee.

Michele M. Bradford, Philadelphia, for Federal Home, appellee.

BEFORE: STEVENS, KLEIN, and TAMILIA, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant, Mary Grillo, appeals from the order entered in the Court of Common Pleas of Bucks County on December 10, 2001 denying her petition to set aside a sheriff's sale and granting Appellee Nationsbanc Mortgage Corporation's motion for a protective order. On appeal, Appellant claims that (1) the trial court erred as a matter of law in refusing to set aside the sheriff's sale where Appellant tendered the full amount owed per the sheriff's levy sheet; (2) the trial court erred as a matter of law in granting Appellee's motion for a protective order, thereby denying Appellant discovery as to Appellee's calculation of interest, costs, and fees; and (3) the trial court abused its discretion in its fact finding due to judicial bias against Appellant. For the reasons that follow, we reverse and remand.

¶ 2 Appellee filed a mortgage foreclosure complaint against Appellant on April 29, 1996. By order dated April 17, 1997,

the trial court entered a judgment by default in favor of Appellee and against Appellant in the amount of $153,910.86. Pursuant to a writ of execution also entered on April 17, 1997, a sheriff's sale was scheduled for July 11, 1997. The initial sheriff's sale was stayed when Appellant filed a Chapter 13 Bankruptcy Petition on July 7, 1997. What followed over the next four years was a series of bankruptcy filings by Appellant, all of which were dismissed, and a series of rescheduled sheriff's sales of Appellant's property.[1]

¶ 3 The sheriff's sale at issue here occurred on March 9, 2001. The face amount of the writ of execution pursuant to the Bucks County Sheriff's real estate levy sheet as of March 7, 2001 was $159,909.87, which included $153,910.86 owed by Appellant and $5,999.01 indicated as sheriff's costs.[2] The space on the levy sheet designated as "interest from" was left blank.

¶ 4 On March 7, 2001, two days prior to the scheduled March 9, 2001 sheriff's sale, Appellant tendered a treasurer's check through her counsel to counsel for Appellee in the amount of $159,909.87 and requested that Appellee cancel the sheriff's sale. Appellee refused to accept Appellant's check and subsequently purchased Appellant's property at the sheriff's sale for $845.94.

¶ 5 On March 19, 2001, Appellant received a notice of eviction. That same day, Appellant filed a petition to set aside the sheriff's sale pursuant to Pa.R.Civ.P. 3132.[3] In connection with her petition to set aside the sheriff's sale, Appellant also filed a request for production of documents and served counsel for Appellee with the

---

1. The record reveals that Appellant filed a total of five Chapter 13 Bankruptcy Petitions, all of which were dismissed. The initial sheriff's sale scheduled for July 11, 1997 was stayed by Appellant's bankruptcy petition filed on July 7, 1997. A second sheriff's sale scheduled for May 8, 1998 was stayed by a bankruptcy petition filed by Appellant on May 7, 1998. A third sheriff's sale scheduled for November 13, 1998 was stayed by a bankruptcy petition filed by Appellant on October 2, 1998. A fourth sheriff's sale scheduled for December 10, 1999 was stayed by a bankruptcy petition filed by Appellant on September 9, 1999. A fifth sheriff's sale scheduled for February 11, 2000 was stayed by a bankruptcy petition filed by Appellant on February 10, 2000. Appellant's final bankruptcy petition was dismissed on December 4, 2000 and a sheriff's sale was scheduled for March 9, 2001.

2. We note that the amount of $153,910.86 is identical to the amount requested in Appellee's original praecipe for judgment and includes interest and costs applicable to specific periods of time. Appellee itemized its original judgment calculations as follows:

| | |
|---|---:|
| Principal of mortgage debt due and unpaid | $ 122,268.76 |
| Interest at 8.125% from June 1, 1995 through September 30, 1995 at $27.22 per day | $ 3,320.84 |
| Interest at 8.375% from October 1, 1995 through April 15, 1997 at $28.05 per day | $ 15,764.10 |
| Late charges of $48.41 per month from July 1995 through October 1995 | $ 194.84 |
| Late charges of $49.70 per month from November 1995 through April 1997 | $ 894.60 |
| Accrued Late Charges | $ 197.81 |
| Escrow Balance (As stated in Complaint) | $ (986.97) |
| NSF fees (As stated in Complaint) | $ 30.00 |
| Attorneys Fees (As stated in Complaint) | $ 12,226.88 |
| TOTAL AMOUNT DUE | $ 153,910.86 |

3. Pa.R.Civ.P. 3132 provides as follows:
   Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

same on May 7, 2001.[4] On June 5, 2001, Appellee filed a motion for protective order under Pa.R.Civ.P. 4012.[5]

¶ 6 Oral argument on Appellee's motion for protective order was heard on October 5, 2001, at which time the trial court granted a request made by Appellee to consolidate Appellee's motion for protective order with Appellant's motion to set aside the sheriff's sale.[6] Without further hearing on the issue, the trial court entered an order on December 10, 2001 which granted Appellee's motion for protective order and denied Appellant's request to set aside the sheriff's sale. This timely appeal followed.[7]

¶ 7 Essentially, Appellant argues that the treasurer's check she tendered on March 7, 2001 to counsel for Appellee in the amount of $159,909.87 was the precise amount noticed by the Bucks County Sheriff's levy sheet and, therefore, constituted satisfaction in full of the judgment against her as a matter of law. To the contrary, Appellee argues that Appellant did not tender the full amount necessary to satisfy the judgment because additional interest and costs had accrued since the filing of the original praecipe for judgment and writ of execution.[8]

¶ 8 In support of her argument, Appellant relies upon *Morgan Guar. Trust Co. of N.Y. v. Mowl*, 705 A.2d 923 (Pa.Super.1998) and *Union National Bank of Pittsburgh v. Ciongoli*, 407 Pa.Super. 171, 595 A.2d 179 (1991).

¶ 9 In *Union National Bank of Pittsburgh, supra*, mortgagors paid the sheriff the face amount of the writ of execution to prevent the sale of their property, and the sheriff accepted the amount. The face amount of the writ was approximately $5,000, which included the amount owed by the mortgagors and interest through the date the first sale was scheduled but did not include interest through the second date for which the sheriff's sale was sched-

4. Appellant's document requests sought information regarding Appellee's calculation of interest and/or attorney's fees and/or costs relevant to the subject mortgage as of April 17, 1997.

5. Pa.R.Civ.P. 4012 provides as follows:

(a) Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following:
(1) that the discovery or deposition shall be prohibited;

6. No transcript of the oral argument held on October 5, 2001 exists.

7. We note that an appeal related to the instant case is docketed at No. 2782 EDA 2002. In that appeal, Appellant identifies Federal Home Loan Mortgage Corporation as the entity that purchased the Grillo property at the March 9, 2001 sheriff's sale. Appellant raises the same issues in the related appeal as are raised here. It appears that in filing the related appeal, Appellant acted out of an abundance of caution to ensure that the appropriate purchasing entity was correctly identified. Based upon the record before us, the Appellee here, Nationsbanc Mortgage Corporation f/k/a/ Keycorp Mortgage, Inc., purchased the Grillo property at the March 9, 2001 sheriff's sale.

8. Specifically, Appellee claims that the total amount owed by Appellant to satisfy the judgment is as follows:

| | |
|---|---|
| Face Amount of the Judgment | $ 153,910.86 |
| Sheriff's Costs | $ 5,999.01 |
| Interest from April 17, 1997 through March 9, 2001 at 6% annum | $ 35,976.60 |
| TOTAL AMOUNT DUE | $ 191,887.46 |

uled. After satisfaction of the judgment, mortgagee filed a petition for reassessment of damages, which was denied. On appeal, mortgagee argued that the lower court abused its discretion when it refused to amend the judgment after it had been paid in full, since local practice and custom in Allegheny County allowed for the addition of the costs it sought to have added to the judgment amount originally entered.[9] The Court held that mortgagee should have petitioned the court for an amendment to the judgment prior to payment. A mortgagee is required to petition the court and provide notice and an opportunity to be heard to mortgagors if mortgagee wants to increase the amount of a judgment before it is satisfied.[10] The Court stated:

> ".... mortgagee was precluded from reassessing the damages on the judgment since the judgment was satisfied when the mortgagors tendered the amount listed in the writ of execution plus sheriff's costs."

*Union National Bank of Pittsburgh,* 595 A.2d at 180.

¶ 10 In *Morgan Guar. Trust Co. of NY, supra,* we relied upon the rationale of *Union National Bank of Pittsburgh* and found it to be dispositive of the matter before us in light of nearly identical factual circumstances. In that case, the mortgage company argued that mortgagor's tender of the full amount listed on the writ of execution did not satisfy the judgment since the mortgage allowed for the addition of per diem and other various costs it

was seeking and that it was not the mortgage company's intent for the tender to the sheriff to satisfy the mortgage and judgment. *Morgan Guar. Trust Co. of NY,* 705 A.2d at 927. The Court rejected this argument and reaffirmed that the mortgage company should have sought approval of the court to amend its judgment prior to the sheriff's sale and prior to the tender of the full amount by mortgagors. The Court stated that "[w]hile appellant continually maintains that it did not intend for the tender to the sheriff to satisfy mortgagor's debt, what appellant intended is not relevant to what the law provides." *Id.* at 928. Finally, the Court again held that "...a mortgage is satisfied when the mortgagors tender the amount of the judgment as listed in the writ of execution......" *Id.* at 927.

¶ 11 Appellee argues that the cases relied upon by Appellant and discussed above are distinguishable from the instant case because, in those cases, the mortgage company sought to have damages reassessed after satisfaction of the judgments at issue. Appellee argues that the instant case is distinguishable because it never reassessed or altered the judgment in any way. While we agree that the facts of the instant case are somewhat different from *Morgan Guar. Trust Co. of NY* and *Union National Bank of Pittsburgh* in that Appellee did not seek to reassess the judgment amount prior to the sheriff's sale, the principles applied by this Court in both of the above cases are fully applicable here. Appellee should have sought to amend its original judgment and writ of execution

---

9. The practice argued for by mortgagee allowed for *ex parte* action on the part of the sheriff to unilaterally increase the amount entered in the writ of execution to adjust for interests and costs based simply on mortgagee's letter or affidavit to the sheriff. We held this practice to be unconstitutional. *Morgan Guar. Trust Co. of NY,* 705 A.2d at 926.

10. Our decision in *Union National Bank of Pittsburgh v. Ciongoli,* 407 Pa.Super. 171, 595 A.2d 179 (1991), which we further relied upon in *Morgan Guar. Trust co. of N.Y. v. Mowl,* 705 A.2d 923 (Pa.Super.1998), was predicated upon due process and notice requirements of the Fourteenth Amendment.

prior to the March 9, 2001 sheriff's sale, and it is because of its failure to do so that we now reject Appellee's argument.

¶ 12 The sheriff's levy sheet set forth the amount of the judgment on the writ of execution as $153,910.86, and the amount of sheriff's costs as $5,999.01. As of March 7, 2001, the space left for designation of interest on the levy sheet was left blank. It appears from our review of the record that Appellee followed the Pennsylvania Rules of Civil Procedure throughout its mortgage foreclosure action against Appellant up to and including its praecipe for writ of execution on judgment entered. Yet, there is no indication that Appellee ever petitioned the court for an amendment to the judgment it received prior to Appellant's March 7, 2001 tender of the total amount of the judgment indicated on the face of the writ of execution. Appellee had every right to petition the court to amend the writ of execution to include additional interests and costs prior to Appellant's good faith tender of $159,909.87 on March 7, 2001. Had this measure been taken, Appellant would have had proper notice by way of proper legal procedure of the total amount needed to satisfy the judgment prior to the March 9, 2001 sheriff's sale. This is the notice we demanded in *Union National Bank of Pittsburgh* and in *Morgan Guar. Trust Co. of NY.*

¶ 13 Perhaps in realization of this failure, Appellee thereafter refused to accept Appellant's tender of the full amount of the original judgment and further refused to cancel the sheriff's sale. Afterwards, when Appellant filed a petition to set aside the sheriff's sale, the lower court denied Appellant's petition by relying upon the same rationale set forth by Appellee on appeal. We find this action to be contrary to the law established in *Union National Bank of Pittsburgh* and reaffirmed in *Morgan Guar. Trust Co. of NY.*

¶ 14 We find that when Appellant tendered the amount listed in the writ of execution plus sheriff's costs on March 7, 2001, the judgment was satisfied as a matter of law. It was legal error for Appellee to not accept Appellant's tender and legal error not to cancel the sheriff's sale. This holding is consistent with the law as set forth by this Court as stated above.

¶ 15 For the reasons set forth herein, we remand this matter to the trial court for the purpose of granting Appellant's March 19, 2001 motion to set aside the sheriff's sale. We further direct the trial court to order Appellee to satisfy both the judgment and the mortgage upon Appellee's tender of $159,909.87, the face amount of the writ of execution pursuant to the Bucks County Sheriff's real estate levy sheet as of March 7, 2001.[11]

¶ 16 Reversed; Remanded; Jurisdiction relinquished.

---

11. In light of the decision now rendered by this Court, we find it unnecessary to address Appellant's second issue regarding the granting of a protective order, as well as Appellant's third issue regarding judicial bias.