## Bank of New York v. Brown

C.P. of Lawrence County, No. 11365 of 2007, C.A.

*Gretchen Woodruff*, for plaintiff.
*Judy D. Brown*, pro se defendant.

MOTTO, *P.J.*, January 23, 2014—Before the court for disposition is the pro se "motion to court" filed by the defendant, Judy D. Brown. The motion requests that the judgment in mortgage foreclosure entered in this case on October 30, 2007 be vacated pursuant to 42 Pa.C.S.A. §5526 that provides that an action for revival of a judgment lien on real property be commenced within five years. More than five years have passed since the entry of the judgment and no action for revival of a judgment lien has been commenced. The motion further requests that

the complaint in mortgage foreclosure be dismissed with prejudice pursuant Pa.R.C.P. 230.2 Pa. R.J.A. 1901, and Local Rule L.1901 due to inactivity.

The court will deny the defendant's motion because the court finds that the Lien Revival Statute, §5526 has no application to a judgment in mortgage foreclosure and because the rules relating to inactivity of pending cases apply to only proceedings prior to entry of a final judgment.

These proceedings commenced on September 12, 2007, with the filing by plaintiff of a complaint in mortgage foreclosure against the defendant as the result of the defendant's default on a mortgage on her residence at 2017 West Washington Street, New Castle, Lawrence County, Pennsylvania. Defendant was properly served with the complaint. The defendant failed to respond to the complaint. On October 31, 2007, an in rem default judgment in mortgage foreclosure was entered against the defendant. On December 14, 2007, plaintiff filed a motion for equitable conversion to real property contending that a mobile home located on the real estate was converted to real property by reason of being affixed to the premises. The court issued a rule upon defendant to show cause why it should not order that the dwelling located on the mortgaged premises should not be converted to real estate. The rule was made returnable January 3, 2008. Upon defendant's failure to respond to the rule, the rule was made absolute and the requested relief was granted.

Defendant took no action on the record until on or about June 7, 2012 when defendant filed a "motion to court" seeking a hearing for review of evidence. This was a first

of a series of actions taken by defendant to belatedly seek relief from the judgment that had been entered against her nearly five years previous. The "motion to court" was denied by order dated July 30, 2012. On or about May 7, 2013, defendant filed a complaint against Bank of America, the loan servicer, which was dismissed on or about June 10, 2013. On June 17, 2013, defendant filed a motion to dismiss foreclosure complaint, which was denied on or about July 1, 2013. On or about July 7, 2013, defendant filed a petition to open default judgment and an "ammended [sic] petition" the following day. By opinion and order dated November 18, 2013, that motion was also denied.

A judgment or other order for the payment of money of a court of common pleas constitutes a lien on the defendant's real property, with the priority provided for by statute or prescribed by general rule adopted pursuant to statute when it is properly entered of record. Standard Pennsylvania Practice, §70:35, Vol. 11, p. 422. 42 Pa. C.S. §1722(b); 42 Pa. C.S. §4303(a).

42 Pa.C.S.A. §5526 provides in pertinent part as follows:

The following actions and proceedings must be commenced within five years:

(1) an action for revival of a judgment lien on real property.

....

The lien of a money judgment on defendant's real property exists only for five years unless revived. The lien must be revived to maintain or obtain a new place

of priority. It is the lien that is revived, not the judgment. There is no outer time limit to execute against real property to satisfy a judgment but the proceeds of such a sale must be distributed according to the priority of liens. Thus, without limitation, the holders of judgment liens can revive the judgment lien as often as they wish and execute against any real property that the debtor owns or may come to own in the future. *Shearer v. Naftzinger*, 560 Pa. 634, 747 A.2d 859 (2000). Thus, where a writ of revival is filed more than five years after judgment, and therefore outside of the five-year limitations period codified in §5526, the lien is not extinguished but merely assumes a priority lower than liens in effect before the writ of revival is commenced. *See Popatak v. Evans*, 26 Pa. D&C 4th 244 (1995).

A judgment obtained in a mortgage foreclosure action is only *in rem* or *de terris*. *Insilco Corp. v. Rayburn*, 374 Pa. Super. 362, 543 A.2d 120 (1988); *Meco Realty Co. v. Burns*, 414 Pa. 495, 200 A.2d 869 (1964). As a judgment against land only, it imposes no personal liability upon the mortgagors against whom the judgment is obtained. A judgment in a mortgage foreclosure action is not a judgment for money damages. *Meco Realty Co., Id.* The sole purpose of the judgment obtained through an action of mortgage foreclosure is to effect a judicial sale of the mortgaged property. *Meco Realty Co., Id. First Seneca Bank v. Greenville Distributing Co.*, 367 Pa. Super. 558, 533 A.2d 157 (1987). *Insilco Corp. v. Rayburn, Supra.*

The judgment that is obtained in an action in mortgage foreclosure applies only to the property covered by mortgage, and, as a *de terries* judgment, is a judgment against that specific real property. *Chase Home Mortg.*

*Corp. v. Goode*, 370 Pa. Super. 570, 537 A.2d 22 (1988); *Union Nat. Bank of Pittsburgh v. Ciongoli*, 407 Pa. Super. 171, 595 A.2d 179 (1991).

In *Steinhardt v. Russian Orthodox Catholic Mut. Aid Soc. Of U.S.*, 366 Pa. 222, 77 A.2d 393 (1951), the Supreme Court held that where a judgment is entered on a bond accompanying a mortgage of record the lien of the judgment, so far as the mortgaged premises are concerned, relates back to the date of the mortgage, citing *Keene Home v. Startzell*, 1912, 235 Pa. 110, 83 A. 584; *West Arch Building and Loan Ass'n v. Nichols*, 1931, 303 Pa. 434, 154 A. 703. Further, the Supreme Court in *Steinhardt* said the following:

> As to the mortgaged premises therefore (i.e., parcel no. 2) the validity of the sale in no sense depends on timely periodic continuance of a judgment lien, for proceedings thereon derived their effectiveness not from the lien of the judgment but from the lien of the mortgage, which needs no revival and continues until satisfied or discharged.

The court here finds that in view of the foregoing authorities, 42 Pa.C.S.A. §5526 has no application to a judgment in mortgage foreclosure. An *in rem* judgment in mortgage foreclosure does not constitute a money judgment that operates as judgment lien on all real property of the debtor requiring a revival proceeding to be commenced within five years. The judgment in mortgage foreclosure creates no personal liability upon the defendant and does not constitute a lien upon any property of the defendant other than the mortgaged property. The mortgage foreclosure judgment is not affected by the law

relating to the priority of liens as the lien relates back to the recording of the mortgage and derives its effectiveness from the mortgaged document itself and not from the judgment. The court finding that §5526 does not apply to an *in rem* judgment in mortgage foreclosure, defendant's motion to vacate the judgment for non-compliance with such section will be denied.

Defendant next argues that the complaint filed in this case must be dismissed with prejudice pursuant to Pa.R.C.P. 230.2 and Pa.R.J.A. 1901 for "lack of activity". However, it is clear that these rules have no application to a case that has proceeded to final judgment. The purpose of these rules is to eliminate cases from the judicial system where the parties have failed to proceed and which are carried as open matters because of the failure on the part of any party to seek dismissal or otherwise bring the matter to a conclusion. Note 2, Pa.R.J.A. 1901. Defendant has cited no case nor has the court's research found any case which provides for any judgment to be set aside in an action dismissed because of any lack of activity in timely enforcing the judgment. The cited rules are clearly intended to apply to claims which have been abandoned or resolved by the parties without a final judgment. Here, the case has resulted or a final judgment and inactivity in enforcing that judgment is not contemplated by the cited rules. *See Taylor v. Oxford Land, Inc.*, 338 Pa. Super. 609, 488 A.2d 59, 61-62 (1985). Accordingly, defendant's motion to dismiss on the basis of inactivity in enforcing the judgment will also be denied.

### ORDER OF COURT

And now, this 23rd day of January, 2014, for the

reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that the defendant's "motion to court" is hereby denied with prejudice.