J-A03004-20

2020 PA Super 82

| WELLS FARGO BANK MINNESOTA NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATE HOLDERS OF EMC MORTGAGE LOAN TRUST 2002-A MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2002-A | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 1113 MDA 2019 |
| DONALD L. & MARIA BARRON | : : | |
| Appellants | : | |

Appeal from the Order Entered June 12, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-04-08099

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

OPINION BY LAZARUS, J.:             **FILED MARCH 31, 2020**

Donald L. and Maria Barron (h/w) (collectively, the Barrons) appeal from the order, entered in the Court of Common Pleas of Lancaster Country, denying their petitions to strike a judgment and to set aside a sheriff's sale. After careful review, we affirm.

On August 27, 2004, Appellees Wells Fargo Bank Minnesota, N.A., as trustee for the EMC Mortgage Loan Trust 2002-A, Mortgage Pass-Through Certificates Series 2002-A (collectively, Wells Fargo) filed a complaint in mortgage foreclosure against the Barrons after they defaulted on a mortgage dated September 24, 1992, which was secured by real estate located at 1541 Hiemenz Road, Manheim Township, Lancaster County (Property).  On October

8, 2004, Maria Barron, appearing *pro se*, filed an answer to the complaint. On February 28, 2005, Wells Fargo filed a motion for summary judgment, which was unopposed by the Barrons. On May 26, 2005, the court granted the motion and entered an *in rem* judgment in the amount of $185,215.63, plus interest and costs, against the Barrons.

On October 13, 2005, Wells Fargo filed a writ of execution and began execution proceedings. The sheriff's sale for the Property was originally scheduled for February 22, 2006. However, through a series of stays and continuances over the following thirteen years, the sheriff's sale did not take place until November 28, 2018. On November 28, 2018, the Property was sold to a third party, AJ Home Solutions, LLC, for the sum of $230,000.00. On December 17, 2018, before the sheriff issued and recorded the deed to the Property, the Barrons filed a petition to open or strike judgment, as well as a petition to set aside the sheriff's sale. In the petition to set aside, the Barrons raised a number of arguments, including Plaintiff's alleged non-compliance with Pa.R.C.P. 3129.1-3129.3 regarding failure to file a new affidavit under Rule 3129.1 before the November 2018 sale. On January 24, 2019, Wells Fargo filed its opposition to the Barrons' petitions arguing that the Barrons failed to meet their burden of proof for setting aside the sale where Wells Fargo had legal standing to foreclose, both the Barrons and all other lienholders were served with a notice of the sale indicating the scheduled date of the sheriff's sale (January 31, 2018) and were also served with a notice of

the date of the continued sheriff's sale on or about October 4, 2018, when the sale was moved to November 28, 2018.

On June 10, 2019, the trial court denied the Barrons' petitions. Regarding the petition to set aside, the court found that: the Barrons received notice of the November 28, 2018 sale; they failed to cite to any supporting case law; they lacked standing to assert any rights on behalf of the other lienholders; and, while it appeared those other lienholders did not have any claims of priority over the subject mortgage, their liens were not necessarily divested by virtue of the sale. The Barrons filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[1] They present the following issue for our review: "[Whether] the [c]ourt erred in not setting aside the [s]heriff's [s]ale of November 28, 2018[,] due to Plaintiff not following the mandated notices of P[a].R[.]]C[.]P[.] 3129.1 through (and notably) 3129.3." Appellants' Brief, at 8.

We first note that "[e]quitable considerations govern the trial court's decision to set aside a sheriff's sale, and [an appellate court] will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion

_____

[1] Appellees argue that the Barrons have waived their argument on appeal due to the vagueness of their Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. We do not find the statement, which is almost identical to the issue quoted in the body of this opinion, too vague to permit proper appellate review. Thus, we decline to find their issue waived on appeal. *Cf. Lineberger v. Wyeth*, 894 A.2d 141 (Pa. Super. 2006) (patient, who sued pharmaceutical companies that manufactured and sold drug patient was prescribed, waived all arguments on appeal where her Rule 1925(b) statement was so vague and overbroad that it was functional equivalent of no statement at all).

occurs where, for example, the trial court misapplies the law." ***Nationstar Mortgage, LLC v. Lark***, 73 A.3d 1265, 1267 (Pa. Super. 2013). Generally, the burden of proving circumstances warranting the exercise of such equitable powers is on the petitioner, the allegations of the petition must be proved by clear evidence, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. ***First Fed. Sav. Bank v. CPM Energy Sys. Corp.***, 619 A.2d 371, 373 (Pa. Super. 1993).

> The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. **The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner, as does the burden of showing inadequate notice resulting in prejudice, which is on the person who seeks to set aside the sale.** When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.
>
> An abuse of discretion is not merely an error of judgment. Furthermore, it is insufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the trial court. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

***GMAC Mortgage Corporation of PA v. Buchanan***, 929 A.2d 1164, 1167 (Pa. Super. 2007) (emphasis added) (internal quotation marks and citations omitted).

On appeal, the Barrons complain that, pursuant to Rule 3129.3(b)(1), Wells Fargo was required to hold a sheriff's sale within 130 days after a continued sale, rather than postpone it more than twice without first re-serving an affidavit. Specifically, they argue that where Wells Fargo postponed a scheduled sheriff's sale from January 31, 2018, to March 28, 2018, to May 30, 2018, to July 25, 2018, to September 26, 2018, and, finally, to November 28, 2018, and did not re-serve an affidavit since January 12, 2018, the sale should be set aside for non-compliance with Rule 3129.3.

With regard to sheriff's sales in Pennsylvania, "[t]he notice requirements of [Rules] 3129.1, 3129.2, and 3129.3 were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property." *First Eastern Bank, N.A. v. Campstead, Inc.*, 637 A.2d 1364, 1366 (Pa. Super. 1994). Because notice is "the most basic requirement of due process, [it] must 'be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections. The form of notice required depends on what is reasonable considering the interests at stake and the burdens of providing notice.'" *Id.* (citations omitted).

Pennsylvania Rule of Civil Procedure 3129.1(a) mandates that "[n]o sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) [of Rule 3129.1] and the notice required by Rule 3129.2 has been served." *See* Pa.R.C.P.

- 5 -

3129.1(a)[2] (emphasis added).  A Rule 3129.1(b) affidavit shall set forth:  the owners or reputed owners of the real property and of the defendant in the judgment; every other person who has a record lien on the property; any person who has a record interest in the property which may be affected by the sale; and any person who has an interest in the property that is not of record which may be affected by the sale and of which the plaintiff has knowledge.  Pa.R.C.P. 3129.1(b)(1)-(4).  In addition, a Rule 3129.2 notice of the sale of real property "shall be given by handbills,[3] by written notice  . . . *to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1*, and by publication[.]"  Pa.R.C.P. 3129.2(a) (emphasis added).  "The written notice shall be prepared by the plaintiff, shall contain the same information as the handbills or may consist of the handbill and shall be served at least thirty days before the sale on all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1."  Pa.R.C.P. 3129.1(c).  The handbills shall include, in part, a brief description of the property to be sold; its location; any improvements; the judgment of the court on which the sale is being held; the name of the owner or reputed owner; and the time and place of the sale.  Pa.R.C.P. 3129.2(b)(1).

---

[2] The required content for an affidavit is set forth in Rule 3129.1(b), while the notice of sale provisions are found in Rule 3129.2.

[3] A "handbill" is defined as "a small printed sheet to be distributed (as for advertising) by hand."  ***See*** https://www.merriam-webster.com/dictionary/handbill (last visited 2/24/20).

When a scheduled sheriff's sale is stayed, continued, postponed, or adjourned, which is what occurred in the present case, Pennsylvania Rule of Civil Procedure 3129.3 provides, in pertinent part:

**(a) except as provided by subdivision (b) or special order of court, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.**

**(b)**

**(1)** If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred thirty days of the scheduled sale, notice of which sale was given as provided by Rule 3129.2, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place fixed for the sale, no new notice as provided by Rule 3129.2 shall be required, **but there may be only two such stays, continuances, postponements or adjournments within the one hundred thirty day period without new notice**.

Pa.R.C.P. 3129.3 (a), (b)(1) (emphasis added). Thus, there are two exceptions under Rule 3129.3(a) where no new notice is required when a sale has been postponed or stayed: (1) when the court issues a "special order" dispensing with the requirement of additional notice; and (2) when the sale is postponed no more than twice within 130 days of the originally scheduled sale date.

Wells Fargo filed its initial affidavit and served notice of the sale, pursuant to Rule 3129.1(a), on August 14, 2017. On January 11, 2018, Wells Fargo gave new Rule 3129.2(a) notice of the intended January 31, 2018 sale, and filed an amended Rule 3129.1 affidavit. On January 10, 2018, and March 2, 2018, Wells Fargo exhausted its two Rule 3129.3(b)(1) continuances,

- 7 -

continuing the scheduled sale from January 31, 2018 to March 28, 2018 and again from March 28, 2018 to May 30, 2018.

On May 9, 2018 and July 24, 2018, in response to Wells Fargo's motions to postpone the sheriff's sale, the court entered special orders postponing the sale and indicating that "[n]o further advertising or additional notice to lienholders or Defendants[, the Barrons] is required."  **See** Order, 5/9/18; Order, 7/24/18; Order, 9/26/18.  Thus, under Rule 3129.3(a), there was no new need for notice or advertisement.  **See** Pa.R.C.P. 3129.3(a) (*Except as provided by subdivision (b) or special order of court*, new notice shall be given as provided by Rule 3129.2.") (emphasis added).  On September 24, 2018, the Barrons filed a petition for stay of the scheduled September 26, 2018 sheriff's sale.  The court granted the Barrons' petition and postponed the sale until November 28, 2018.  **See** Order, 9/26/18.

Instantly, the Barrons contend that Wells Fargo was required to "re-serve an Affidavit pursuant to Rule 3129" where it did not hold the sale within 130 days of the scheduled sale and where the sale was continued more than two times.  Appellants' Brief, at 11.

Fundamentally, "[d]ue process requires that a party who will be adversely affected by a court order must receive notice and a right to be heard in an appropriate setting."  **McKinney v. Carolus**, 634 A.2d 1144, 1146 (Pa. Super. 1993). "Due process, reduced to its most elemental component, requires notice."  **Romeo v. Looks**, 535 A.2d 1101, 1105 (Pa. Super. 1987) (en banc) (citations omitted).  Here, the Barrons do not contend that they

- 8 -

failed to receive notice of the November 28, 2018 sheriff's sale. Rather, they argue that Wells Fargo was required to re-serve an affidavit under Rule 3129.1. We disagree.

Nowhere in Rule 3129.3 does it state that a new affidavit under Rule 3129.1 is required when a sale of real property is stayed, continued, postponed or adjourned and we decline to read such a burdensome requirement into the rule. When the "words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). Rather, Rule 3129.3(a) specifically requires "new **notice** as provided by **Rule 3129.2**" when a sale is stayed, continued, postponed or adjourned. Pa.R.C.P. 3129.3(a). Moreover, under Rule 3129.3(b)(1), when the sale is postponed no more than two times within 130 days of the scheduled date, the plaintiff shall file a notice and certificate as delineated under Rule 3129.3(b)(2)(i)(A-B). Here, Wells Fargo provided the requisite Rule 3129.3(b)(2) notice when it exercised its two Rule 3129.3(b)(1) continuances within 130 days of the original sale date. Additionally, the two remaining times that Wells Fargo petitioned to continue or postpone the sale, the court granted its request by "special order," specifying that "[n]o further advertising or additional notice to lienholders or [the Barrons] is required." *See* Pa.R.C.P. 3129.3(a).

Because Wells Fargo provided the requisite notice for postponing the sheriff's sale, as required by Rule 3129.3, the Barrons were on notice of the scheduled sale that took place on November 28, 2018. **Romeo**, **supra**;

***McKinney***, ***supra***.   Accordingly, we conclude that the court did not abuse its discretion denying the Barrons' petition to set aside the sheriff's sale where the record adequately supports its determination.   ***Buchanan***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/31/2020