J-S46002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE TRUMAN 2021 SC9 TITLE TRUST | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 578 WDA 2025 |
| ERIC J. NOVOSAT A/K/A ERIC NOVOSAT LISA M. NOVOSAT A/K/A LISA NOVOSAT | : : : : : | |
| Appellants | : | |

Appeal from the Order Entered April 17, 2025
In the Court of Common Pleas of Butler County Civil Division at No(s):
E.D. 2022-30094

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: March 12, 2026**

Eric J. Novosat and Lisa M. Novosat (collectively, the "Novosats") appeal from the order dismissing their petition to set aside a sheriff's sale of their real property in this action initiated by U.S. Bank Trust National Association as Trustee of the Truman 2021 SC9 Title Trust (the "Bank"). We affirm.

The trial court provided the following background:

> [The Novosats] are the owners and mortgagers of real property located at 48 Marion Drive, Zelienople, Pennsylvania 16063 located in Butler County. On January 25, 2022, [the Bank] obtained a judgement [*sic*] against [the] Novosats in the amount of $91,268.07. On July 18, 2022, a writ of execution on real property was issued, and the . . . [court] granted [the] Bank's petition to reassess damages in the amount of $115,364.49 on November 1, 2022.

The first sheriff's sale was scheduled for November 18, 2022. For the next year and ten months the sheriff's sales on the property were continued or stayed for various reasons. Pursuant to Pa.R.C[iv].P. 3129.3, [the] Bank timely and properly filed ten affidavits with the Butler County Prothonotary as to each of the continuances and/or stays. The sheriff's sale scheduled for March 17, 2023 was continued by order of court dated March 14, 2023 following [the] Bank's motion to continue[,] asserting that Lisa Novosat had filed a Chapter 13 bankruptcy petition on November 14, 2022.

. . . . [A]ll parties became aware of Lisa Novosat's bankruptcy being dismissed without prejudice by order of court dated September 9, 2024[.]

Thereafter, a sheriff's sale was scheduled for September 20, 2024. [The] Novosats' [*sic*] agree that the scheduling of and notices for the September sale conformed to all rules of procedure. [The] Novosats did not attend the sale, nor did they request a continuance. The property went to a third-party purchaser who gave the highest bid at $205,500. . . . On October 16, 2024[, the] Novosats filed a petition to set aside sheriff's sale and requested a rule to show cause be issued to [the] Bank to demonstrate why the September 20, 2024 sheriff's sale should not be set aside.

An order of court was granted requiring [the] Bank to file a response within thirty days, setting a timeline of ninety days for the parties to take depositions, if needed, and scheduling oral argument for February 6, 2025. Following oral argument, the matter was taken under advisement. . . . On April 8, 2025[, the] Bank filed a certificate of bankruptcy dismissal. On April 17, 2025, the . . . court [issued an order] denying the [Novosats'] petition with prejudice.

Trial Court Opinion, 7/31/25, at 1-2 (cleaned up).

The Novosats timely appealed, and both they and the court complied with the requirements of Pa.R.A.P. 1925. The Novosats raise the following questions for our consideration:

> 1.      Did the trial court commit an error of law when [it] found that [the Novosats] had failed to demonstrate a valid equitable basis to set aside the sheriff's sale?
>
> 2.      Did the trial court commit an error of law when [it] found that [the Novosats] had failed to demonstrate a valid legal basis to set aside the sheriff's sale?

The Novosats' brief at 6 (cleaned up).

This Court reviews an order regarding a petition to set aside a sheriff's sale for an abuse of discretion. *See Wells Fargo Bank N.A. v. Zumar*, 205 A.3d 1241, 1245 (Pa.Super. 2019). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." *Id*. (cleaned up).

We have explained that "[s]heriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." *Irwin Union Nat. Bank and Tr. Co. v. Famous*, 4 A.3d 1099, 1102 (Pa.Super. 2010) (citation omitted). In that vein, "the burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition." *U.S. Bank Nat. Ass'n v. Powers*, 986 A.2d 1231, 1233 (Pa.Super. 2009) (cleaned up).

Additionally, a mortgagor may thwart a sheriff's sale by "tender[ing] the amount of the judgment as listed in the writ of execution" before the sale takes place. ***See Morgan Guar. Tr. Co. of New York v. Mowl***, 705 A.2d 923, 927 (Pa.Super. 1998). However, where a court grants a petition to reassess damages and amends the judgment indicated on the writ of execution prior to the sheriff's sale, the mortgagor must tender the reassessed figure. ***See Nationsbanc Mortg. Corp. v. Grillo***, 827 A.2d 489, 493 (Pa.Super. 2003).

Pennsylvania Rule of Civil Procedure 3129.3 governs the requirements of continued sheriff's sales and states, in relevant part, as follows:

> (a) Except as provided by subdivision (b) or special order of court, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.
>
> (b)(1) If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred thirty days of the scheduled sale, notice of which sale was given as provided by Rule 3129.2, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place fixed for the sale, no new notice as provided by Rule 3129.2 shall be required, but there may be only two such stays, continuances, postponements or adjournments within the one hundred thirty day period without new notice.
>
>> (2)(i) When the sale is stayed, continued, postponed or adjourned as provided by subdivision (b)(1), the plaintiff shall file
>>
>>> (A) a notice of the date of continued sheriff's sale with the prothonotary at least fifteen days before the continued sale date, and

(B) a certificate of filing with the sheriff confirming the filing of the notice of the date of continued sheriff's sale with the prothonotary.

The sheriff shall continue the sale to the next available sale date if the notice of the date of continued sheriff's sale has not been timely filed. This continuance imposes a new obligation on the plaintiff to meet the requirements described in (b)(2)(i)(A) and (B).

(ii) Non-compliance with this subdivision is not a basis for setting aside the sheriff's sale unless raised prior to the delivery of the sheriff's deed. The sale shall be set aside only upon a showing of prejudice.

Pa.R.Civ.P. 3129.3. Thus, pursuant to subsection (a), no new notice is required "(1) when the court issues a special order dispensing with the requirement of additional notice[,] and (2) when the sale is postponed no more than twice within 130 days of the originally scheduled sale date." **Wells Fargo Bank Minnesota Natl. Assn. v. Donald L.**, 230 A.3d 1269, 1273 (Pa.Super. 2020). The Rule does not define what constitutes a "special" order, but the relevant explanatory comment states that this exception "gives the court discretion to allow postponement of the sale without new notice in appropriate cases." Pa.R.Civ.P. 3129.3, *Comment*.

With these precepts in mind, we address the Novosats' contentions in tandem. They first argue that the court erred when it denied their petition to set aside the sheriff's sale on "equitable" principles based on the Bank's "inaction in the days leading up to the sheriff's sale." **See** the Novosats' brief at 11. Specifically, the Novosats aver that they "had been in contact with [the Bank], through their counsel, several days prior to the sheriff's sale to request

- 5 -

a reinstatement figure for the delinquent mortgage." *Id*. at 10 (cleaned up). As evidence, they point to emails that were discussed at the oral argument where a third-party investor, Riverside Settlement Services, on behalf of the Novosats sent the Bank a request for an expedited payoff figure one week prior to the sheriff's sale. *Id*. at 10-11. The Bank confirmed receipt of the email, but did not provide a sum owed.[1] *Id*. The Novosats claim that these emails "demonstrated that they had the funds available to immediately cure the arrears, once they were provided that information by [the Bank]." *Id*. at 10. Had the Bank "satisfied their legal obligation and provided . . . the amount needed to stop the sheriff's sale," the Novosats maintain that they "would have been able to cure the arrears and retain the subject property." *Id*. at 11 (cleaned up).

The Novosats also contend that the court erred in dismissing their petition to set aside the sheriff's sale on a "legal" basis. *Id*. at 12-14. In particular, they allege that the Bank failed to file notices and certificates of postponement in accordance with Rule 3129.3 for continuances from March 17 to May 19, 2023, and for September 15 to November 17, 2023. *Id*. at 13. As to prejudice, the Novosats explain that they have lost title to their property,

_____

[1] These emails were provided to the court at oral argument but were not introduced as exhibits. The parties do not dispute the content of the emails, and the court merely considered them for "the fact that the[ Bank] acknowledged the communication between the [Novosats] and the [B]ank." N.T. Rule to Show Cause Proceeding, 2/6/25, at 22.

and the fact that the highest bid was greater than the debt owed is of no moment. *Id*. at 11. Additionally, they claim that "had the proper notices of continued sale date been filed by [the Bank, the Novosats] believe that the third-party bidding would have resulted in a significantly higher final sale price and therefore a significantly higher distribution of the remaining equity to [the Novosats]." *Id*. at 12 (cleaned up).

The trial court rendered the following analysis as to these claims:

[The] Novosats base th[eir] entire argument on facts not of record, but merely argued by counsel. . . . [The] Novosats failed to take any depositions. [The] Novosats had proper notice of the sale and did not attend or request a postponement/continuance. There is no record evidence or even argument that [the] Novosats' third[-]party investor did or did not attend the sale. [The] Novosats presented no evidence of any prejudice, although in the argument counsel made reference to how some calculation of equity was made by [the] Novosats. Any equity remaining after costs will be given to [the] Novosats. The real property sold to a third[-]party bidder at the highest bid of $205,500, and [the] Novosats will receive any excess monies. There is no prejudice to [the] Novosats. While the court recognized the heartache of every foreclosure and empathizes with [the] Novosats, the record evidence does not support an equitable basis to set aside the sale.

. . . .

Looking first at the sale date of March 17, 2023[,] continued to May 19, 2023, [the] Novosats rely upon [Rule] 3129.3(b)(1) and (2). However, [the] Novosats have disregarded [Rule] 3129.3(a). New notice as provided by Rule 3129.2 is required except when either [Rule] 3129.3(b) is applicable or there is a special order of court. [The court] issued an order . . . on March 14, 2023 in consideration of [the] Bank's motion to postpone sheriff's sale . . . [and] directed that no further notice on advertising of the sale was required. [The court] also mandated that the postponement be announced at the March 17, 2023 sale. Since there is a special order of court both postponing the sale and directing how future notice should be done, [the] Bank was not required to comply with

[Rule] 3129.3(b)(1) and (2). Thus[,] there [wa]s no procedural error in [the] Bank not filing a notice and a certificate of filing as set forth in 3129.3(b)(2) for the March 17, 2023 sheriff's sale.

. . . .

Turning now to the second averred dates, September 15, 2023[,] to November 17, 2023, the docket shows the affidavit filed on September 15, 2023[,] at 12:12 p.m. A copy was sent to the sheriff. . . . It appears after reviewing the docket that the Novosats are mistaken as to these dates. . . .

Even if they were not, [the] Novosats have failed to produce any record evidence of prejudice.

Trial Court Opinion, 7/31/25, at 3-5 (cleaned up).

We discern no abuse of discretion. First, the Novosats neglected to take the protective action of tendering the judgment of $115,364.49 to the Bank prior to the sheriff's sale. While the Novosats claim that the Bank had an obligation to answer their emails requesting a payoff sum, the Bank had no such duty where the debt owed was stated in the writ of execution, which the Bank petitioned the court to reassess, resulting in a new judgment of $115,364.49. **See Nationsbanc Mortg. Corp.**, 827 A.2d at 493; Order, 11/1/22. There is no dispute that the Novosats were aware of the September 20, 2024 sheriff's sale and the amount needed to satisfy the judgment of record, and they nevertheless failed to offer that sum to the Bank before the sale. Accordingly, the Bank's nonresponse to the Novosats' emails does not warrant any relief.

Additionally, the record supports the court's determination that the Bank complied with Rule 3129.3. The court issued an order on March 14, 2023,

- 8 -

postponing the March 17, 2023 sale to May 19, 2023, which was to be "announced at the March 17, 2023 sale." Order, 3/14/23. It further directed that the Bank need not post notice or advertising of future continued sales, and "any further postponements can be done by sending a letter, telecopy or electronic mail to the Butler County Sheriff's Office." *Id*. Regarding the continuance from September 15 to November 17, 2023, the Bank informed the sheriff via letter, and although it was not required to pursuant to the court's order, it also sent notice to the prothonotary. Therefore, the Bank properly followed "a special order dispensing with the requirement of additional notice" for the continuances in question. *See Wells Fargo Bank Minnesota Natl. Assn.*, 230 A.3d at 1273. Moreover, the Novosats neglected to present any evidence to support their claim that they suffered prejudice from these allegedly defective notices by losing a potentially higher bid.

The Novosats have thus failed to meet their burden to show "circumstances warranting the exercise of the court's equitable powers" to set aside the sheriff's sale. *See U.S. Bank Nat. Ass'n*, 986 A.2d at 1233. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 3/12/2026